**GODFREY et al. v. POUNDS et al.**

No. 10615—Opinion Filed April 18, 1922.

(Syllabus.)

**Appeal and Error—Failure of Defendant in Error to File Brief—Reversal.**

Where the defendants in error fail to file a brief, and have not offered any excuse for such failure, and the plaintiff in error has filed a complete record in the Supreme Court and has served and filed a brief in compliance with the rules of the court, the Supreme Court is not required to search such record to find some theory upon which the judgment below may be sustained; and, where the brief filed by the plaintiff in error appears to reasonably sustain his assignment of error, the court may reverse the case in accordance with the prayer of the petition of the plaintiff in error. (Massachusetts Bonding & Insurance Co. v. Lewis et al., 80 Okla. 187, 195 Pac. 494.)

Error from District Court, Cotton County; Cham Jones, Judge.

Action by A. P. Godfrey and others against B. D. Pounds and others. Judgment for defendants, and plaintiffs bring error. Reversed and remanded.

Dudley B. Madden and J. H. Cline, for plaintiffs in error.

Johnson & Stephens and J. W. Brooks, for defendants in error.

ELTING, J. This suit was commenced by A. P. Godfrey, M. A. Godfrey, O. A. Godfrey, and Mae Godfrey, plaintiffs in error, plaintiffs below, against B. D. Pounds, W. E. Wilson, and the Oklahoma State Bank of

Walters, Okla., defendants in error, defendants below, by filing a petition in the district court of Cotton county, Okla.

According to the allegations of the petition, A. P. Godfrey and M. A. Godfrey were husband and wife, and O. A. Godfrey and Mae Godfrey were husband and wife. That A. P. Godfrey and O. A. Godfrey were the joint owners of 120 acres of land in Cotton county, Okla., and that at the time of the transaction in controversy they were, with their families, residing upon this land, and had been for some time occupying the same as their homestead.

That after certain oral negotiations had taken place between W. E. Wilson, representing B. D. Pounds, and the two husbands, O. A. Godfrey and A. P. Godfrey, the following written contract pertaining to the sale of said lands was entered into:

"Walters, Okla., April 2, 1918.

"This agreement made by and between O. A. Godfrey and A. P. Godfrey, parties of the first part, and B. D. Pounds, party of the second part; Witnesseth; that for and in consideration of the sum of nine thousand dollars, the first parties sell to said second party the S. ½ and N. E. ¼ of N. E. ¼ sec. 8, twp. 2 S, range 10 west, I. M., Cotton county, Oklahoma, said land to be shown clear abstract and warranty deed except oil lease.

"First parties to give possession on January 1, 1919, and does not pay any rent for use of said land for the year 1918. The second party accepts the oil and gas lease now on said farm. This deal to be closed on or before sixty days from above date. Second party puts up $200.00 in escrow in Oklahoma State Bank, Walters, Oklahoma, as forfeit and first parties attach deed to above described land.

"O. A. Godfrey,
"A. P. Godfrey,
"B. D. Pounds."

That these negotiations and this contract were entered into without the knowledge or consent of M. A. Godfrey and Mae Godfrey, the wives. There had been, however, some talk between the two Godfreys and their wives about the sale of 40 acres of the land, but nothing had been mentioned to the wives about the sale of the entire tract.

That afterwards W. E. Wilson presented to the two wives a deed covering the entire tract, and said instrument not being examined nor its nature disclosed to the wives, they signed the deed thinking it was for the 40 acres.

Within a very short time thereafter the two wives were notified that they had signed a deed to the entire tract, and they; with their husbands, immediately repudiated the entire transaction.

The suit was commenced to enjoin the Oklahoma State Bank of Walters, Okla., in which bank the deed had been deposited in escrow by W. E. Wilson, from delivering said deed to Wilson or Pounds, and that said deed be canceled and that the written contract made by the two husbands be decreed null and void, and that Pounds and Wilson be enjoined from setting up any right, title, or interest in the lands, and that the title be quieted in the plaintiffs.

The trial court gave judgment in favor of the defendants, which judgment in effect amounted to a judgment for specific performance of the contract. Motion for a new trial was filed, the same overruled, and appeal lodged in this court.

The plaintiffs in error have filed a brief in support of their assignments of error, and have also filed a complete record of the proceedings in the trial court. The record shows that a copy of the plaintiffs in error's brief has been served on the attorney for the defendants in error. The defendants in error have failed to file a brief herein, and have offered no excuse for such failure.

Under the well-known rule established by this court and stated in the following language:

"Where the defendants in error fail to file a brief and have not offered any excuse for such failure, and the plaintiff in error has filed a complete record in the Supreme Court and has served and filed a brief in compliance with the rules of the court, the Supreme Court is not required to search such record to find some theory upon which the judgment below may be sustained; and, where the brief filed by the plaintiff in error appears to reasonably sustain the assignments of error, the court may reverse the case in accordance with the prayer of the petition of the plaintiff in error"

—it is not incumbent upon this court to search the record to find some theory upon which the judgment of the trial court may be sustained, and this court may reverse and remand this cause for a new trial if the brief of the plaintiff in error reasonably sustains his assignments of error.

We have examined the brief of the plaintiffs in error, and find that the assignments of error are reasonably sustained therein.

This cause is, therefore, reversed and remanded, with directions for a new trial.

HARRISON, C. J., PITCHFORD, V. C. J., and KANE and NICHOLSON, JJ., concur.