### STATE ex rel. BYNUM v. GREER.

No. 15013—Opinion Filed March 4, 1924.

(Syllabus.)

**Appeal and Error — Absence of Answer Brief—Reversal.**

Where plaintiff in error has served and filed its brief in compliance with the rules of this court, and the defendant in error has neither filed a brief nor offered any excuse for his failure to do so, the court is not required to search the record to find some theory upon which the judgment of the trial court may be sustained, but may, where the authorities cited in the brief filed, appear reasonably to sustain the assignments of error, reverse the case in accordance with the prayer of the petition in error.

Error from District Court, Tillman County; Frank Mathews, Judge.

Action by the State ex rel. Ernest T. Bynum, Bank Commissioner, against T. C. Greer, Court Clerk of Tillman County. Judgment for defendant, and plaintiff brings error. Reversed and remanded.

Amil H. Japp and John B. Wilson, for plaintiff in error.

NICHOLSON, J. This was an action by the state, on the relation of Ernest T. Bynum, Bank Commissioner, against T. C.

Greer, court clerk of Tillman county, seeking a writ of mandamus requiring the defendant to number and file a petition tendered him for filing, and to issue a summons in accordance with the praecipe sought to be filed, in a cause wherein the state on the relation of the said Bank Commissioner was plaintiff, and one R. Dugan was defendant, without requiring the plaintiff to make a cash deposit, or cost bond as required of other litigants. The trial court denied the writ, and the plaintiff has appealed.

The plaintiff in error has served and filed its brief in accordance with the rules and orders of this court, but the defendant in error has neither filed a brief nor offered any excuse for his failure to do so. Under these circumstances, this court will not search the record in an effort to find some theory upon which the judgment of the trial court may be sustained, but may, where the authorities in the brief filed appear reasonably to sustain the assignments of error, reverse the cause in accordance with the prayer of the petition in error. Chicago, R. I. & P. Ry. Co. v. Weaver, 67 Okla. 293, 171 Pac. 34; Godfrey v. Pounds, 86 Okla. 76, 206 Pac. 516; In re Estate of Enos Nichols, 86 Okla. 181, 207 Pac. 93.

However, we have examined the record, as well as the brief of the plaintiff in error, and the authorities cited therein, and are convinced that the court erred in denying the plaintiff the relief sought. Therefore, the judgment of the trial court is reversed, and the cause remanded, with directions to grant the writ of mandamus as prayed for.

JOHNSON, C. J., and KENNAMER, COCHRAN, BRANSON, and MASON, JJ., concur.