## ST. LOUIS & S. F. R. CO. v. METTS.

No. 4469. Opinion Filed May 18, 1915.

(149 Pac. 197.)

**APPEAL AND ERROR—Review—Failure to File Brief.** Where plaintiff in error has completed his record and filed it in this court, and has served and filed a brief in compliance with the rules of the court, and defendant in error has neither filed a brief nor offered any excuse for such failure the court is not required to find some theory upon which the judgment may be sustained; and where the brief filed appears reasonably to sustain the assignments of error, the court may reverse the judgment in accordance with the prayer of the petition of plaintiff in error.

(Syllabus by Watts, C.)

*Error from County Court, Choctaw County;*
*W. T. Glenn, Judge.*

Action by J. W. Metts against the St. Louis & San Francisco Railroad Company. Judgment for plaintiff, and defendant brings error. Reversed and remanded.

*W. F. Evans, R. A. Kleinschmidt* and *E. H. Foster*, for plaintiff in error.

*W. N. Greene,* for defendant in error.

WATTS, C. This action was begun before a justice of the peace of Choctaw county by plaintiff in error against the defendant in error, and resulted in judgment for defendant in error. The case was appealed to the county court, and tried to the court and jury on April 23, 1912, with the same results. The plaintiff in error filed a motion for new trial, which was denied. Judgment was rendered for defendant in error, from which plaintiff in error appeals, assigning as error the following:

"I. The court erred in overruling defendant's objection to the introduction of any evidence.

"II. In overruling defendant's demurrer to plaintiff's evidence.

"III. In overruling defendant's motion for a peremptory instruction.

"IV. In admitting, over the objection of defendant, incompetent and illegal evidence offered and introduced by plaintiff.

"V. In excluding competent and legal evidence offered by defendant.

"VI. In his instruction to the jury, to which an exception was saved by defendant.

"VII. In refusing to give to the jury the several instructions requested by defendant.

"VIII. In overruling defendant's motion for a new trial."

The petition in error and case-made were filed in this court on October 21, 1912. Briefs and service thereof were filed on the 19th day of March, 1915. Defendant in error has failed to file briefs, nor has he asked an extension of time to file same. We have examined the evidence copied in plaintiff in error's brief, the alleged erroneous instructions, those refused, together with the authorities relied upon for a reversal, which seem reasonably to support the assignments of error. In cases of this character this court has often held:

"Where plaintiff in error has completed his record and filed it in this court, and has served and filed a brief in compliance with the rules of .the court, and defendant in error has neither filed·a brief nor offered any excuse for such failure, the court is not required to search the record to find some theory upon which the judgment may be sustained; and where the brief filed appears reasonably to sustain the assignments of error, the court may reverse the judgment in accordance with the prayer of the petition of plaintiff in error." (*Midland Elevator Co. v. Harrah*, 44 Okla. 154, 143 Pac. 1169, and cases cited.

Therefore, under the authority of the case cited, and for the further reason that the plaintiff in error's petition seems to be reasonably well sustained, we recommend that the case be reversed and remanded.

By the Court: It is so ordered.