**ST. LOUIS & S. F. R. CO. v. LOWRANCE.**

No. 6345—Opinion Filed Jan. 8, 1918.

(169 Pac. 1086.)

(Syllabus.)

### Appeal and Error—Briefs—Reversal.

Where plaintiff in error has served and filed his brief in compliance with the rules of this court, and defendant in error has neither filed a brief nor offered an excuse for such failure, the court is not required to search the record to find some theory upon which the judgment of the court below may be sustained, but may, where the authorities cited in the brief filed appear reasonably to sustain the assignments of error, reverse the case in accordance with the prayer of the petition.

Error from District Court, Bryan County; Jesse M. Hatchett, Judge.

Action by Mattie M. Lowrance, administratrix of the estate of E. S. Lowrance, deceased, against the St. Louis & San Francisco Railroad Company. Judgment for plaintiff, and defendant brings error. Reversed and remanded, with directions to grant new trial.

W. F. Evans, R. A. Kleinschmidt, and E. H. Foster, for plaintiff in error.

KANE, J. This was an action for damages for wrongful death under the federal Employers' Liability Act (Act April 22, 1908, c. 149, 35 Stat. 65 [U. S. Comp. St. 1916, §§ 8657-8665]), commenced by the defendant in error, plaintiff below, against the plaintiff in error, defendant below. Upon trial to a jury there was a verdict for the plaintiff in the sum of $5,000, upon which judgment was duly entered, to reverse which this proceeding in error was commenced.

The deceased, E. S. Lowrance, at the time of his death, was a passenger conductor in the employ of the defendant railway company running between Monnet, Mo., and Paris, Tex. He had been in the employ of the defendant for something like 24 years, 14 years of which he had been a passenger conductor upon this same run. At the time of his death the deceased was leaning from the steps of one of the coaches of his train with his back to the engine and looking under the train, presumably for the purpose of satisfying himself as to whether or not the air brakes were properly released, and while thus engaged his head came violently in contact with one of the upright pieces of a bridge over which his train was passing, a short distance out of Wister, and as a result of such contact he was knocked from the train and instantly killed. The specific act of negligence alleged against the defendant was that it "negligently constructed said bridge with the sides and upright pieces thereof so near to this track as to render it very dangerous and hazardous to its employes engaged in running its trains over said track at said place, and thereby failing in its duty to give its said employes and especially said E. S. Lowrance a safe place, track and roadbed in which to perform the duties of their and his said employment."

The only assignments of error we find it necessary to notice are: (1) The court erred in overruling the demurrer of the defendant to the evidence of the plaintiff; and (2) the court erred in overruling defendant's motion for a peremptory instruction.

These assignments of error are argued together by counsel for plaintiff in error in their brief; it being their contention that the undisputed evidence as to the construction and maintenance of the bridge does not tend to show any negligence on the part of the defendant, and therefore the trial court erred in submitting that question to the jury. Counsel for plaintiff in error have furnished the court with a brief, in compliance with the rules of this court, wherein they cite many authorities which seem to fully sustain their contention. On the other hand, counsel for plaintiff, although many opportunities to do so have been afforded them, have failed to favor the court with a brief, thus tacitly conceding the impregnability of the position taken by their adversaries, although they succeeded in the court below in securing a substantial verdict. In these circumstances, the rule in this jurisdiction is that where plaintiff in error has served and filed his brief in compliance with the rules of this court, and defendant in error has neither filed a brief nor offered any excuse for such failure, the court is not required to search the record to find some theory upon which the judgment of the court below may be sustained, but may, where the authorities cited in the brief filed appear reasonably to sustain the assignments of error, reverse the case in accordance with the prayer of the petition. C., R. I. & P. Ry. Co. v. Booher, 34 Okla. 64, 124 Pac. 760; Hampton v. Thomas, 35 Okla. 529, 130 Pac. 961; Dievert v. Rainey, 41 Okla. 31, 136 Pac. 1086; Midland Valley R. Co. v. Horton, 46 Okla. 534, 149 Pac. 131; St. L. & S. F. R. Co. v. Metts, 46 Okla. 502, 149 Pac. 197; St. L. & S. F. R. Co. v. Haworth, 48 Okla. 132, 149 Pac. 1086.

The uncontroverted testimony of many expert witnesses testifying on behalf of the defendant was to the effect that the general standard for the construction of steel bridges prevailing on the railroads of this country is to allow 14 feet for clearance, and that is the standard maintained throughout the Frisco System, and on all single-track railroads of this country; that the inside clearance of the Wister bridge at the narrowest point—that is, between the end posts—is 14 feet, and that is strictly in accordance with the approved standard for construction and specifications for bridges in this country. The bridge at Wister was constructed in 1887 by the Union Bridge Company, and has remained in the same condition ever since. One of the experts, Mr. Otis E. Hover, assistant chief engineer for the American Bridge Company testified in substance:

' That on bridge construction in 1885, or thereabouts, the standard clearance was 14 feet. I am acquainted with the Union Bridge Company. In 1887 it was one of the largest concerns of its class in the United States, and by far the greater part of its work was in connection with the construction of standard railroad bridges, and I am of the opinion that they were thoroughly competent designers and builders of bridges.

Counsel base their contention upon the legal proposition that negligence is not imputable to a railway where the facilities in question are such as are ordinarily in use by prudently conducted railroads engaged in like business and surrounded by like circumstances. The following are some of the authorities cited by counsel which the court finds reasonably tend to support their contention: Phoenix Printing Co. v. Durham, 32 Okla. 575, 122 Pac. 708, 38 L. R. A. (N. S.) 1191; Midland Valley R. Co. v. Bryant, 37 Okla. 206, 131 Pac. 678; Bohn v. C., R. I. & P. Ry. Co., 106 Mo. 429, 17 S. W. 580; Davis v. Augusta Factory, 92 Ga. 712, 18 S. E. 974; Louisville & Nashville R. Co. v. Allen's Adm'r, 78 Ala. 494; Haines v. Spencer, 167 Fed 266, 92 C. C. A. 658; Williams Cooperage Co. v. Headrick, 159 Fed. 680, 86 C. C. A. 548; McGinnis v. Canada Southern Bridge Co., 49 Mich. 466, 13 N. W. 819; Illick v. Flint & P. M. R. Co., 67 Mich. 632, 35 N. W. 708; Sheeler's Adm'r v. C. & O. R. Co., 81 Va. 188, 59 Am. Rep. 654; Sisco y. Lehigh & H. Ry. Co., 145 N.. Y. 296, 39 N. E. 958; Cleveland C., C. & St. L. Ry. Co. v. Haas, 35 Ind. App. 626. 74 N. E. 1003; Chicago & E. I. R. Co. v. Driscoll, 176 Ill. 330, 52 N. E. 921; Tuttle v. Detroit, G. H. & M. Ry. Co., 122 U. S. 189, 7 Sup. Ct. 1166, 30 L. Ed. 1114.

For the reasons stated, the judgment of the court below is reversed, and the cause remanded, with directions to grant a new trial.

All the Justices concur.