**CHICAGO, R. I. & P. RY. CO. v. WEAVER.**

No. 8107—Opinion Filed Feb. 12, 1918.

(171 Pac. 34.)

(Syllabus.)

**Appeal and Error—Briefs—Reversal.**

Where plaintiff in error has served and filed his brief in compliance with the rules of this court, and defendant in error has neither filed a brief nor offered an excuse for such failure, the court is not required to search the record to find some theory upon which the judgment of the court below may be sustained, but may, where the authorities cited in the brief filed appear reasonably to sustain the assignments of error, reverse the case in accordance with the prayer of the petition.

Error from County Court, Stephens County; J. W. Marshall, Judge.

Action by Will Weaver against the Chicago, Rock Island & Pacific Railway Company. Judgment for plaintiff, and defendant brings error. Reversed, and cause remanded for new trial.

Kent W. Shartel, C. O. Blake, R. J. Roberts, and W. H. Moore, for plaintiff in error.

KANE, J. This is an action for damages for being wrongfully ejected from a passenger train, commenced by the defendant in error, plaintiff below, against the plaintiff in error, defendant below. Upon trial to a jury there was a verdict in favor of the plaintiff in the sum of $141.70, upon which judgment was duly entered, to reverse which this proceeding in error was commenced.

It seems that the plaintiff, who resided at Duncan, Okla., had been on a visit to Wichita Falls, Tex., and in returning from Wichita Falls to Duncan a controversy arose between the plaintiff and the train auditor as to whether the plaintiff was an interstate or an intrastate passenger. The contention of the auditor was, and the contention of the railway company now is, that the plaintiff was an interstate passenger, and that as such the auditor was bound to collect from him the rate for interstate passengers prescribed by its duly published and filed tariffs, and not the intrastate rates of either Texas or Oklahoma, which were somewhat lower.

Counsel for plaintiff in error, in compliance with the rules of this court, have filed a brief wherein they set out portions of the record and call attention to many authorities which seem to support their contention. Among the cases cited to which they call special attention is M., K. & T. Ry. Co. v. Ashinger, 63 Okla. 120, 162 Pac. 814, L. R. A. 1917D, 1180, which they say is precisely in point and therefore decisive of the case at bar.

The defendant in error has filed no brief, although the time has long since expired for doing so. It is well settled in this jurisdiction that, where plaintiff in error has served and filed his brief in compliance with the rules of this court, and defendant in error

has neither filed a brief nor offered an excuse for such failure, the court is not required to search the record to find some theory upon which the judgment of the court below may be sustained, but may, where the authorities cited in the brief filed appear reasonably to sustain the assignments of error, reverse the case in accordance with the prayer of the petition. C., R. I. & P. Ry. Co. v. Booher, 34 Okla. 64, 124 Pac. 760; Hampton v. Thomas, 35 Okla. 529, 130 Pac. 961; Dievert v. Rainey, 41 Okla. 31, 136 Pac. 1086; Midland Valley R. Co. v. Horton, 46 Okla. 534, 149 Pac. 131; St. L. & S. F. R. Co. v. Metts, 46 Okla. 502, 149 Pac. 197; St. L. & S. F. R. Co. v. Haworth, 48 Okla. 132, 149 Pac. 1086; St. L. & S. F. R. Co. v. Lowrance, Adm'x, 67 Okla. 175, 169 Pac. 1086.

As the authorities cited by counsel for plaintiff in error, and particularly the case of M., K. & T. Ry. Co. v. Ashinger, supra, appear reasonably to sustain the assignments of error, the judgment of the court below is reversed, and the cause remanded for a new trial.

All the Justices concur.