## JOURNEYCAKE v. JOURNEYCAKE.

No. 11599—Opinion Filed May 29, 1923.

### Appeal and Error — Failure to File Brief — Reversal.

Where plaintiff in error has served and filed his brief in compliance with the rules of this court, and the defendant in error has neither filed a brief nor offered any excuse for such failure, the court is not required to search the record to find some theory upon which the judgment of the trial court may be sustained, but may, where the authorities cited in the brief filed appear reasonably to sustain the assignments of error, reverse the judgment and remand the cause in accordance with the prayer of the petition in error.

(Syllabus by Thompson, C.)

Commissioners' Opinion, Division No. 5.

Error from District Court, Washington County; Preston A. Shinn, Judge.

Action by Anna Journeycake against Bender Journeycake. Judgment for plaintiff, and defendant brings error. Reversed and remanded.

Bert Van Leuven, for plaintiff in error.

George, Campbell & Ray, for defendant in error.

Opinion by THOMPSON, C. This action was brought by Anna Journeycake against Bender Journeycake, by filing an application in the district court of Washington county

for a bench warrant, charging Bender Journeycake with having violated the decree of court rendered against him in her favor for alimony and attorney fees, by his refusal to pay the same after notice and citation had been issued for his appearance, alleging that he had refused to appear and answer said citation, although due notice thereof had been served upon him. Bench warrant was served and he was arrested and brought before the court for trial in custody of the sheriff. Bender Journeycake answered, admitting the judgment and denying that he contumaciously refused to comply with said order; alleged he had not wilfully disobeyed the order; plead his inability on account of insolvency; had no money or property and no means to comply with the order; that he was unable physically to earn a livelihood; that he was suffering with chronic pulmonary tuberculosis; had been discharged from the army on account of said disease; that the disease had rendered him unfit to work; that he was under constant care and could not exert himself to any extent; that he needed a change in climate and pure air; that he was in an unfit condition to remain in jail; that his confinement would not result in any payments of said alimony; that he had no funds to pay the same and no way to secure the same.

The case came on regularly for trial before the court without the intervention of a jury, which trial resulted in a judgment of the court finding Bender Journeycake guilty of contempt of court in failing to comply with the order of court, and ordering him to be confined in the county jail of Washington county until he paid the full sum of $150 to Anna Journeycake and $50 to her attorneys and the costs of the suit, and the plaintiff in error was committed to jail, from which he was released on supersedeas bond, from which judgment and order of the court Bender Journeycake has appealed to this court.

The plaintiff in error has served and filed his brief in compliance with the rules of this court, but the defendant in error has neither filed a brief nor offered any excuse for her failure to do so. It has been repeatedly held by this court that under these circumstances the court is not required to search the record to find some theory upon which the judgment of the trial court may be sustained, but may, where the authorities cited in the brief filed appear reasonably to sustain the assignments of error, reverse the judgment and remand the cause in accordance with the prayer of the peti-

tion in error. Chicago, R. I. & P. Ry. Co. v. Weaver, 67 Okla. 293, 171 Pac. 34, and the cases there cited; Lawton National Bank v. Ulrich et al., 81 Okla. 159, 197 Pac. 167.

The latest pronouncement made by this court is in case No. 11211, American Central Ins. Co. v. Boyle, 89 Okla. 278, 215 Pac. 414, decided May 15, 1923, by Justice Nicholson, the syllabus of which is as follows:

"Where plaintiff in error has served and filed its brief in compliance with the rules of this court, and the defendant in error has neither filed a brief nor offered any excuse for such failure, the court is not required to search the record to find some theory upon which the judgment of the trial court may be sustained, but may, where the authorities cited in the brief filed appear reasonably to sustain the assignments of error, reverse the judgment and remand the cause in accordance with the prayer of the petition in error."

The brief of plaintiff in error and the authorities cited therein appear reasonably to sustain the assignments of error; therefore, the judgment of the trial court is reversed, and the cause remanded for a new trial.

By the Court: It is so ordered.