ment for defendant, the First National Bank of Allen.

NICHOLSON, C. J., BRANSON, V. C. J., and MASON, LESTER, PHELPS, HUNT. and CLARK, JJ., concur.

Note.—See under (1) 14a C. J. p. 136, §1906; anno. L. R. A. 1917F, 308; 11 R. C. L. pp. 462-464; 2 R. C. L. Supp. pp. 389 et seq.; 4 R. C. L. Supp. 486. (2) 4 C. J. p. 854, §2834; p. 856 §2835; 2 R. C. L. p. 202; 1 R. C. L. Supp. p. 442; 4 R. C. L. Supp. p. 81; 5 R. C. L. Supp. p. 91.

---

## STATE ex rel. BROOKS v. AUSTIN et al.

No. 16627—Opinion Filed Nov. 9, 1926.

(Syllabus.)

**Appeal and Error—Failure to File Answer Brief—Reversal.**

Where plaintiff in error has served and filed its brief in compliance with the rules of this court, and the defendants in error have neither filed a brief nor offered any excuse for their failure to do so, this court is not required to search the record to find some theory upon which the judgment of the trial court may be sustained. but may, where the authorities cited in the brief filed appear reasonably to sustain the assignments of error, reverse the cause in accordance with the prayer of the petition in error.

Error from County Court, Logan County; A. H. Boles, Judge.

Action by the State on the relation of S. B. Brooks against Joseph H. Austin and another. Judgment for defendants, and plaintiff brings error. Reversed.

O. R. Fegan, for plaintiff in error.

NICHOLSON, C. J. This is an appeal from an order of the county court of Logan county vacating a judgment theretofore rendered in said court.

The plaintiff in error has served and filed its brief, in accordance with the rules of this court, but the defendants in error have neither filed a brief nor offered any excuse for their failure to do so. Under these circumstances, this court is not required to search the record to find some theory upon which the judgment of the trial court may be sustained, but may. where the authorities cited in the brief filed appear reasonably to sustain the assignments of error, reverse the judgment in accordance with the prayer of the petition in error. Chicago, R. I. & P. Ry. Co. v. Weaver, 67 Okla. 293, 171 Pac.

34; Lawton National Bank v. Ulrich et al., 81 Okla. 159, 197 Pac. 167.

The brief of plaintiff in error and the authorities cited therein appearing reasonably to sustain the assignments of error. the judgment of the court below is reversed and the cause remanded, with directions to vacate the order setting aside said judgment, and to reinstate the same.

BRANSON, V. C. J., and LESTER, CLARK, and RILEY, JJ., concur.

Note.—See 3 C. J. p. 1447, §1607.

---

## BIVINS v. DERRICK.

No. 16883—Opinion Filed Nov. 9, 1926.

(Syllabus.)

**Appeal and Error—Failure to File Answer Brief—Reversal.**

Where plaintiff in error has served and filed his brief in compliance with the rules of this court, and the defendant in error has neither filed a brief nor offered any excuse for his failure to do so, this court is not required to search the record to find some theory upon which the judgment of the trial court may be sustained, but may, where the authorities cited in the brief filed appear reasonably to sustain the assignments of error, reverse the cause in accordance with the prayer of the petition in error.

Error from County Court, Hughes County; Owen H. Rives, Judge.

Action by R. A. Bivins against C. O. Derrick. Judgment for defendant, and plaintiff brings error. Reversed.

C. E. Castle, for plaintiff in error.

NICHOLSON, C. J. This is an appeal from an order of the county court of Hughes county vacating a judgment theretofore rendered in said court.

The plaintiff in error has served and filed its brief, in accordance with the rules of this court, but the defendant in error has neither filed a brief nor offered any excuse for his failure to do so. Under these circumstances, this court is not required to search the record to find some theory upon which the judgment of the trial court may be sustained, but may, when the authorities cited in the brief filed appear reasonably to sustain the assignments of error, reverse the judgment in accordance with the prayer of the petition in error. Chicago, R. I. & P. Ry. Co. v. Weaver, 67 Okla. 293, 171 Pac. 34

Lawton National Bank v. Ulrich et al., 81 Okla. 159, 197 Pac. 167.

The brief of plaintiff in error and the authorities cited therein appearing reasonably to sustain the assignments of error, the judgment of the court below is reversed, and the cause remanded, with directions to vacate the order setting aside said judgment. and to reinstate the same.

BRANSON, V. C. J., and LESTER, CLARK, and RILEY, JJ., concur.

Note.—See 3 C. J. p. 1447, §1607.

---

## YODER et ux. v. WESTON et ux.

No. 16941—Opinion Filed Nov. 9, 1926.

(Syllabus.)

**Limitation of Actions—Action for Fraud—Accrual of Cause of Action—"Until Discovery of the Fraud"—Statute Construed.**

The phrase "until the discovery of the fraud," contained in the third paragraph of section 185, Comp. Stat. 1921, does not necessarily mean until the party complaining had actual notice of the fraud alleged to have been committed, for fraud is deemed to be discovered, within the statute of limitation, when in the exercise of reasonable diligence it could have been discovered. Hence, where a party defrauded has the means at hand to readily discover the fraud. and such means of information would have been used by a person of ordinary care, in the transaction of his own business, such party will be held, as a matter of law, to have had due notice of everything which a proper use of such means would have disclosed.

Error from District Court, Pottawatomie County; Hal Johnson. Judge.

Action by M. A. Weston and wife against W. W. Yoder and wife. Judgment for plaintiffs. and defendants bring error. Reversed and remanded, with directions.

Saunders & Emerick, for plaintiffs in error.

Arrington & Evans, for defendants in error.

NICHOLSON, C. J. On May 6, 1920, W. W. Yoder and Jennie Yoder, his wife, conveyed to M. A. Weston certain lands in Pottawatomie county by warranty deed, in which the grantors as a part of the consideration reserved one-half of all oil, gas, and mineral rights in and to said premises.

This deed was duly filed for record in the office of the county clerk of said county May 7, 1920, and was returned to Weston about two weeks thereafter. On February 24, 1923, M. A. Weston, joined by his wife, Martha J. Weston, instituted this action against W. W. Yoder and his wife, to quiet the title to said premises, alleging in their petition that the defendants claimed some right, title, and interest in said premises, the exact nature of which they were unable to state. but that the defendants had no right in and to said premises or any part thereof. The defendants answered, pleading that they were the owners of an undivided one-half interest in the oil and gas rights under the above-mentioned reservation in said deed, to which answer the plaintiffs filed a reply, pleading, in substance, that said reservation was made without their knowledge or consent, and made by said Yoder with the intent on his part to cheat and defraud them, and constituted fraud upon them, and that they did not discover the fraud until about the first day of February, 1923. The sufficiency of this reply was challenged by demurrer. The case, though of purely equitable cognizance, was submitted to a jury, and after a demurrer to the plaintiffs' evidence had been overruled, the jury returned a verdict in favor of the plaintiffs. upon which judgment was duly entered. and from which the defendants have appealed.

Without commenting on the sufficiency of the allegations of fraud or the sufficiency of the evidence to establish fraud, we will consider only the question of limitations, urged as a defense in the trial court and relied upon here for a reversal of the judgment.

The fraudulent acts of which it is claimed Yoder was guilty consisted of inserting the reservation of one-half of the oil, gas, and mineral rights in the deed and omitting this reservation when reading the deed to Weston. These acts were done on May 6. 1920; the deed was filed for record on May 7, 1920, and was returned to Weston about two weeks subsequent thereto. and remained in his possession at all times thereafter. Although the Westons had possession of the deed all this time, they claim that they did not know that it contained the reservation complained of, until about 10 days before this suit was brought, when a Mr. Howe, who desired to lease the land for oil and gas purposes, informed them thereof.

By the provisions of section 185, Comp. Stat. 1921, an action for relief on the ground of fraud can only be brought within a period of two years from the discovery of the fraud.