**STATE ex rel. BROOKS v. AUSTIN et al.**

No. 16627—Opinion Filed Nov. 9, 1926.

(Syllabus.)

**Appeal and Error—Failure to File Answer Brief—Reversal.**

Where plaintiff in error has served and filed its brief in compliance with the rules of this court, and the defendants in error have neither filed a brief nor offered any excuse for their failure to do so, this court is not required to search the record to find some theory upon which the judgment of the trial court may be sustained, but may, where the authorities cited in the brief filed appear reasonably to sustain the assignments of error, reverse the cause in accordance with the prayer of the petition in error.

Error from County Court, Logan County; A. H. Boles, Judge.

Action by the State on the relation of S. B. Brooks against Joseph H. Austin and another. Judgment for defendants, and plaintiff brings error. Reversed.

O. R. Fegan, for plaintiff in error.

NICHOLSON, C. J. This is an appeal from an order of the county court of Logan county vacating a judgment theretofore rendered in said court.

The plaintiff in error has served and filed its brief, in accordance with the rules of this court, but the defendants in error have neither filed a brief nor offered any excuse for their failure to do so. Under these circumstances, this court is not required to search the record to find some theory upon which the judgment of the trial court may be sustained, but may. where the authorities cited in the brief filed appear reasonably to sustain the assignments of error, reverse the judgment in accordance with the prayer of the petition in error. Chicago, R. I. & P. Ry. Co. v. Weaver, 67 Okla. 293, 171 Pac.

34; Lawton National Bank v. Ulrich et al., 81 Okla. 159, 197 Pac. 167.

The brief of plaintiff in error and the authorities cited therein appearing reasonably to sustain the assignments of error. the judgment of the court below is reversed and the cause remanded, with directions to vacate the order setting aside said judgment, and to reinstate the same.

BRANSON, V. C. J., and LESTER, CLARK, and RILEY, JJ., concur.

Note.—See 3 C. J. p. 1447, §1607.