of Harper county to be advised as to what the state desired to do in connection with the sale."

The purchaser, W. A. Davis, then filed his motion to confirm said sale, and both motions subsequently came on for hearing before the district court and the purchaser moved for judgment on the pleadings, which was sustained and the plaintiff's motion to set aside the sale was overruled and the sale was confirmed. The plaintiff has perfected its appeal and for reversal it is urged that the trial court erred in overruling plaintiff's motion to set aside said sale.

The setting aside or refusing to set aside a sheriff's sale is largely within the sound legal discretion of the trial judge, and unless it affirmatively appears that the trial judge has abused his discretion, the judgment of the lower court will not be disturbed on appeal. Duncan v. Eck, 65 Okla. 250, 166 Pac. 121.

No evidence was introduced in support of plaintiff's motion to vacate, but the purchaser, by moving for judgment on the pleadings, which is in the nature of a demurrer, admitted the truth of the allegations of plaintiff's motion. Deming Investment Co. v. Reed, 72 Okla. 112, 179 Pac. 35; Walker v. Von Wedel, 108 Okla. 292, 237 Pac. 86. Therefore, the question is, conceding the truthfulness of the allegations of the plaintiff's motion to vacate. Can it be said that the trial court abused its sound legal discretion in overruling said motion?

It is first insisted that, the plaintiff's judgment being for approximately $6,000 and said land being of a real value of $5,000, the consideration for said sale, to wit, $1,600, was grossly inadequate. We agree with counsel that the consideration was grossly inadequate, but, under the general rule as announced in all the cases on the subject, mere inadequacy of consideration is not sufficient ground for setting aside a sheriff's sale.

It is next urged that gross inadequacy of consideration, coupled with very slight circumstances, is sufficient to set aside such a sale. Again we agree with counsel as to his general statement of law, but the slight additional circumstances referred to must show that the inadequate consideration was the result of fraud, mistake, or undue influence on the part of the sheriff or the purchaser, and that the party complaining has not been negligent. No such contention is made in the case at bar.

The second ground in the motion of plaintiff in error to vacate the sale can only be construed as a mistake on the part of the attorney for plaintiff in error in thinking that an arrangement had been made with the county attorney of Harper county whereby he would be present at the sale and represent the plaintiff in error. No doubt the attorney for the Land Office, as alleged in his motion, had official business elsewhere on the date of the sale, but that could not be recognized as a reason for setting aside the sale. It is not the policy of the law or the courts to relieve those who suffer through their own negligence, lack of attention, mistake or oversight, as alleged in the plaintiff's motion.

It may be that the trial court, in the exercise of its discretion, would have been justified in setting aside said sale on the showing made by plaintiff, but we cannot say that failure so to do was an abuse of the court's sound legal discretion.

The judgment, therefore, is affirmed.

BRANSON, C. J., and PHELPS, LESTER, CLARK, RILEY. and HEFNER, JJ., concur.

Note.—See under (1) 4 C. J. pp. 838, 839, §2822; 35 C. J. p. 96, §155. (2) 31 Cyc, p. 606; 21 R. C. L. p. 594. (3) 35 C. J. p, 101, §§162, 164; p. 104, §165; 16 R. C. L, p. 95; 3 R. C. L. Supp. p. 542: 4 R. C. L. Supp. p. 1044; 5 R. C. L. Supp. p. 870.

---

## LIVINGSTON et al. v. STATE.

No. 17561—Opinion Filed April 12, 1927.

(Syllabus.)

**Appeal and Error—Reversal—Failure to File Answer Brief.**

Where the plaintiff in error has served and filed its brief in compliance with the rules of this court, and the defendant in error has neither filed a brief nor offered any excuse for his failure to do so, this court is not required to search the record to find some theory upon which the judgment of the trial court may be sustained, but may, where the authorities cited in the brief filed, appear reasonably to sustain the assignments of error, reverse the cause, with directions, in accordance with the prayer of the petition in error.

Error from County Court, Beckham County; Oscar Speed, Judge.

Action by the State against Fred Livingston, Jr., et al. From judgment forfeiting appearance bond and from an order overruling the motion to set aside the forfeiture, defendants appeal. Reversed and remanded.

D. W. Tracy, for plaintiffs in error.

C. L. Clearman, for the State.

PER CURIAM. This is an appeal from the judgment of the county court of Beckham county forfeiting the appearance bond of plaintiff in error, and from the order overruling motion to set aside said forfeiture. The plaintiff in error was defendant below.

The plaintiff in error in due time served and filed his brief in full compliance with the rules of this court, but the defendant in error has wholly failed to file any brief or otherwise appear in this court upon the merits of the case, nor has it offered any excuse for its failure to do so. This court, in the case of City National Bank v. Coatney et al., 122 Okla. 144, 253 Pac. 481, laid down the rule that:

"Where plaintiff in error has served and filed its brief in compliance with the rules of this court, and the defendant in error has neither filed a brief nor offered any excuse for his failure to do so, this court is not required to search the record to find some theory upon which the judgment of the trial court may be sustained, but may, where the authorities cited in the brief filed appear reasonably to sustain the assignments of error, reverse the cause with directions in accordance with the prayer of the petition in eror." Chicago, R. I. & P. Ry. Co. v. Weaver, 67 Okla. 293, 171 Pac. 34; Lawton National Bank v. Ulrich et al., 81 Okla. 159, 197 Pac. 167.

In this case the petition in error prays that this cause be reversed and the court below directed to vacate its former judgment and enter judgment for the plaintiff in error. We find upon an examination that the authorities cited by plaintiff in error in his brief reasonably support the contention of plaintiff in error, and we therefore reverse the judgment of the lower court and direct it to vacate its former judgment and enter judgment in favor of the plaintiff in error.

Note.—See 3 C. J. p. 1447. §1607; 2 R. C. L. p. 176; 1 R. C. L. Supp. p. 425.

---

## LIVINGSTON et al. v. STATE.

No. 17562—Opinion Filed April 12, 1927.

(Syllabus.)

**Appeal and Error—Reversal—Failure to File Answer Brief.**

Where the plaintiff in error has served and filed its brief in compliance with the rules of this court, and the defendant in error has neither filed a brief nor offered any excuse for his failure to do so, this court is not required to search the record to find some theory upon which the judgment of the trial court may be sustained, but may, where the authorities cited in the brief filed, appear reasonably to sustain the assignments of error, reverse the cause, with directions, in accordance with the prayer of the petition in error.

Error from County Court, Beckham County; Oscar Speed, Judge.

Action by the State against Fred Livingston, Sr., et al. From judgment forfeiting appearance bond, and from an order overruling the motion to set aside the forfeiture, defendants appeal. Reversed and remanded.

D. W. Tracy, for plaintiffs in error.

C. L. Clearman, for defendant in error.

PER CURIAM. This is an appeal from the judgment of the county court of Beckham county forfeiting the appearance bond of plaintiff in error, and from the order overruling motion to set aside said forfeiture. The plaintiff in error was defendant below.

The plaintiff in error in due time served and filed his brief in full compliance with the rules of this court, but the defendant in error has wholly failed to file any brief or otherwise appear in this court upon the merits of the case, nor has it offered any excuse for its failure to do so. This court, in the case of City National Bank v. Coatney et al., 122 Okla. 144, 253 Pac. 481, laid down the rule that:

"Where plaintiff in error has served and filed its brief in compliance with the rules of this court, and the defendant in error has neither filed a brief nor offered any excuse for his failure to do so, this court is not required to search the record to find some theory upon which the judgment of the trial court may be sustained, but may, where the authorities cited in the brief filed appear reasonably to sustain the assignments of error, reverse the cause, with directions in accordance with the prayer of the petition in error." Chicago, R. I. & P. Ry. Co. v. Weaver, 67 Okla. 293, 171 Pac. 34; Lawton National Bank v. Ulrich et al., 81 Okla. 159, 197 Pac. 167.

In this case the petition in error prays that this cause be reversed and the court below directed to vacate its former judgment and enter judgment for the plaintiff in error. We find upon an examination of authorities cited by plaintiff in error in his brief that they reasonably support the contention of plaintiff in error, and we there-