## LIVINGSTON et al. v. STATE.

No. 17562—Opinion Filed April 12, 1927.

(Syllabus.)

**Appeal and Error—Reversal—Failure to File Answer Brief.**

Where the plaintiff in error has served and filed its brief in compliance with the rules of this court, and the defendant in error has neither filed a brief nor offered any excuse for his failure to do so, this court is not required to search the record to find some theory upon which the judgment of the trial court may be sustained, but may, where the authorities cited in the brief filed, appear reasonably to sustain the assignments of error, reverse the cause. with directions, in accordance with the prayer of the petition in error.

Error from County Court, Beckham County; Oscar Speed, Judge.

Action by the State against Fred Livingston, Sr., et al. From judgment forfeiting appearance bond, and from an order overruling the motion to set aside the forfeiture, defendants appeal. Reversed and remanded.

D. W. Tracy, for plaintiffs in error.

C. L. Clearman, for defendant in error.

PER CURIAM. This is an appeal from the judgment of the county court of Beckham county forfeiting the appearance bond of plaintiff in error, and from the order overruling motion to set aside said forfeiture. The plaintiff in error was defendant below.

The plaintiff in error in due time served and filed his brief in full compliance with the rules of this court, but the defendant in error has wholly failed to file any brief or otherwise appear in this court upon the merits of the case, nor has it offered any excuse for its failure to do so. This court, in the case of City National Bank v. Coatney et al.. 122 Okla. 144, 253 Pac. 481, laid down the rule that:

"Where plaintiff in error has served and filed its brief in compliance with the rules of this court, and the defendant in error has neither filed a brief nor offered any excuse for his failure to do so, this court is not required to search the record to find some theory upon which the judgment of the trial court may be sustained, but may, where the authorities cited in the brief filed appear reasonably to sustain the assignments of error, reverse the cause, with directions in accordance with the prayer of the petition in error." Chicago, R. I. & P. Ry. Co. v. Weaver, 67 Okla. 293, 171 Pac. 34; Lawton National Bank v. Ulrich et al., 81 Okla. 159, 197 Pac. 167.

In this case the petition in error prays that this cause be reversed and the court below directed to vacate its former judgment and enter judgment for the plaintiff in error. We find upon an examination of authorities cited by plaintiff in error in his brief that they reasonably support the contention of plaintiff in error, and we there-

fore reverse the judgment of the lower court and direct it to vacate its former judgment and enter judgment in favor of the plaintiff in error.

Note.—See 3 C. J. p. 1447, §1607; 2 R. C. L. p. 176; 1 R. C. L. Supp. p. 425.