## WAGONER, County Treas., et al. v. DEVOL BRIDGE CO.

No. 18144. Opinion Filed July 26, 1927.

(Syllabus.)

**Appeal and Error—R versal—Failure to File Answer Brief.**

The syllabus in the case of the City National Bank v. Coatney et al., 122 Okla. 233, 253 Pac. 481, is hereby adopted as the syllabus in this case.

Error from District Court, Cotton County; E. L. Richardson, Judge.

Action by the Devol Bridge Company against F. T. Wagoner, County Treasurer, and C. O. Hooper, Sheriff, Cotton County, Okla. From the judgment in favor of the former, the latter appeal. Reversed and remanded, with directions.

Toby Morris. Co. Atty., Edwin Dabney, Atty. Gen., and Fred Hansen, Asst. Atty. Gen., for plaintiffs in error.

E. L. Fulton and J. C. Norman, for defendant in error.

PER CURIAM. This is an appeal from the judgment of the district court of Cotton county. Plaintiffs in error were defendants below. The plaintiffs in error in due time served and filed their briefs in full compliance with the rules of this court, but the defendant in error has wholly failed to file any brief or pleading or otherwise appear in this court on appeal, nor has it offered any excuse for its failure to do so.

"Where plaintiff in error has served and filed its brief in compliance with the rules of this court, and the defendant in error has neither filed a brief nor offered any excuse for his failure to do so, this court is not required to search the record to find some theory upon which the judgment of the trial court may be sustained, but may, where the authorities cited in the brief filed, appear reasonably to sustain the assignments of error, reverse the cause, with directions, in accordance with the prayer of the petition in error." City National Bank v. Coatney et al., 122 Okla. 233, 253 Pac. 481; Chicago, R. I. & P. Ry. Co. v. Weaver, 67 Okla. 293. 171 Pac. 34; Lawton National Bank v. Ulrich et al, 81 Okla. 159, 197 Pac. 167.

In this case the petition in error prays that the cause be reversed, directing the trial court to vacate its former judgment and enter judgment for the plaintiffs in error, and we find upon examination of the authorities cited by plaintiffs in error that they reasonably support the contention of the plaintiffs in error, and we, therefore, reverse the judgment of the lower court and direct that it vacate its former judgment and sustain the demurrer to the said petition and dismiss plaintiff's cause of action in the trial court.

Note.—See 3 C. J. p. 1447, §1607.