**KANSAS CITY SOUTHERN RY. CO. v. COUNTY OF ADAIR et al.**

No. 17632. Opinion Filed Sept. 13, 1927.

(Syllabus.)

**Appeal and Error—Reversal—Failure to File Answer Brief.**

The syllabus in the case of City National Bank v. Coatney et al., 122 Okla. 233. 253 Pac. 481, is hereby adopted as the syllabus in this case.

Error from District Court, Adair County.

Action by the Kansas City Southern Railway Company against the County of Adair et al. From the action of the trial court sustaining demurrer to plaintiff's petition, plaintiff appeals. Reversed and remanded, with directions.

James B. McDonald, for plaintiff in error.

W. A. Carley, Co. Atty., for defendants in error.

PER CURIAM. This is an appeal from the action of the district court of Adair county. The plaintiff in error was the plaintiff below, and from the action of the trial court in sustaining the demurrer to plaintiff's petition, appeals.

The plaintiff in error in due time served and filed its briefs in full compliance with the rules of this court, but the defendants in error have wholly failed to file any briefs, pleadings, or otherwise appear in this court in this cause, nor have they offered any excuse for their failure to do so.

"Where plaintiff in error has served and filed its brief in compliance with the rules of the court, and the defendant in error has neither filed a brief nor offered any excuse for his failure to do so, this court is not required to search the record to find some theory upon which the judgment of the trial court may be sustained, but may, where the authorities cited in the brief filed, appear reasonably to sustain the assignments of error, reverse the cause with directions, in accordance with the prayer of the petition in error." City National Bank v. Coatney et al., 122 Okla. 233, 253 Pac. 481: Chicago. R. I. & P. Ry. Co. v. Weaver, 67 Okla. 293, 171 Pac. 34; Lawton National Bank v. Ulrich et al., 81 Okla. 159, 197 Pac. 167.

In this case the petition in error prays that the cause be reversed, directing the trial court to vacate its order sustaining the demurrer and dismissing the cause of action, and we find upon examination the authorities cited by plaintiff reasonably support the contention of plaintiff, and we. therefore, reverse the order of the lower court and direct that it re-instate plaintiff's cause of action, and overrule the demurrer of the defendants to the plaintiff's petition.