**STATE ex rel. COM'RS OF LAND OFFICE v. SADLER.**

No. 18582. Opinion Filed Feb. 14, 1928.

(Syllabus.)

**Appeal and Error—Reversal—Failure of Defendant in Error to File Brief.**

The syllabus in the case of the City National Bank v. Coatney et al., 122 Okla. 233, 253 Pac. 481, is hereby adopted as the syllabus in this case.

Error from District Court, Muskogee County; Enloe V. Vernor, Judge.

Action by the State on relation of the Commissioners of the State Land Office against F. S. Sadler. From the action of the trial court vacating the judgment formerly rendered by the District Court of Muskogee County, plaintiff appeals. Reversed and remanded.

George E. Merritt, for plaintiff in error.

David A. Cline, for defendant in error.

PER CURIAM. This is an appeal from the district court of Muskogee county, wherein the plaintiff in error was plaintiff below.

Plaintiff in error in due time served and filed its brief in full compliance with the rules of this court, but the defendant in error has wholly failed to file any brief, pleading, or to otherwise appear in this cause in this court on the merits of the cause, nor has he offered any excuse for his failure to do so.

"Where plaintiff in error has served and filed its brief in compliance with the rules of this court, and the defendant in error has neither filed a brief nor offered any excuse for his failure to do so, this court is not required to search the record to find some theory upon which the judgment of the trial court may be sustained, but may, where the authorities cited in the brief filed, appear reasonably to sustain the assignments of error, reverse the cause, with directions, in accordance with the prayer of the petition in error." City National Bank v. Coatney et al., 122 Okla. 233, 253 Pac. 481; Chicago, R. I. & P. Ry. Co. v. Weaver, 67 Okla. 293, 171 Pac. 34; Lawton National Bank v. Ulrich et al., 81 Okla. 159, 197 Pac. 167.

In this cause the petition in error prays that the order and judgment of the trial court be reversed, set aside, and held for naught and that judgment be entered in favor of the plaintiff in error and against the defendant in error, and we find upon examination of the authorities cited by plaintiff in error they reasonably support the contention of plaintiff, and we therefore reverse the judgment of the lower court, direct it to vacate the order setting aside the former judgment rendered in said cause and reinstate the judgment attempted to be vacated and enter judgment in favor of the plaintiff in error.