## BULLARD v. STATE.

No. 18149. Opinion Filed Feb. 28, 1928.

(Syllabus.)

**Appeal and Error—Reversal—Failure of Defendant in Error to File Brief.**

The syllabus in the case of City National Bank v. Coatney et al., 122 Okla. 233, 254 Pac. 481, is hereby adopted as the syllabus in this case.

Error from County Court, Pittsburg County; S. F. Brown, Judge.

Action by the State of Oklahoma against Elmer Bullard. From the judgment, the former brings error. Reversed and remanded.

Wilkinson & Hudson, for plaintiff in error.

W. E. Gotcher, Co. Atty., for defendant in error.

PER CURIAM. This is an appeal from the judgment of the county court of Pittsburg county wherein the plaintiff in error was the defendant below.

Plaintiff in error in due time served and filed his brief in full compliance with the rules of this court, but the defendant in error has wholly failed to file any brief, pleading or otherwise appear in this cause on appeal, nor has it offered any excuse for failure to do so.

"Where plaintiff in error has served and filed its brief in compliance with the rules of this court, and the defendant in error has neither filed a brief nor offered any excuse for his failure to do so, this court is not required to search the record to find some theory upon which the judgment of the trial court may be sustained, but may, where the authorities cited in the brief filed appear reasonably to sustain the assigments of error, reverse the cause, with directions,

in accordance with the prayer of the petition in error." City National Bank v. Coatney et al., 122 Okla. 233, 253 Pac. 481; Chicago, R. I. & P. Ry. Co. v. Weaver, 67 Okla. 293, 171 Pac. 34; Lawton National Bank v. Ulrich et al., 81 Okla. 159, 197 Pac. 167.

In this case the petition in error prays that the judgment rendered in said cause be reversed, set aside, and held for naught, that the plaintiff be granted a new trial, and we find, upon examination of the authorities cited by plaintiff in error, they reasonably support the contention of the plaintiff in error, and we therefore reverse the judgment of the lower court, direct it to vacate the former judgment and grant the defendant a new trial.

Note.—See 3 C. J. p. 1447, §1607.