PRINCE, County Treas., v. OKLAHOMA NATURAL GAS CO.

No. 18641.   Opinion Filed Oct. 29, 1929.

Roscoe Cox, Co. Atty., and Erwin & Erwin, for plaintiff in error.

Adelbert Brown, for defendant in error.

DIFFENDAFFER, C. Defendant in error commenced an action in the district court to recover certain alleged illegal taxes levied in Lincoln county, for the fiscal year beginning July 1, 1925, and paid by it under protest. Separate actions were commenced for each half of the taxes so paid, but the two actions were consolidated and tried as one. Judgment was rendered in favor of defendant in error for the recovery of certain parts of the taxes claimed by plaintiff as being illegal, composed of two items. The first part was for $510.76, being for an alleged illegal levy for the county highway fund, made and levied in addition to the 4-mill levy for current expenses, and the second for $146.42 for an alleged excessive levy for the sinking fund of the county.

Plaintiff in error appeals from this judgment.

Judgment was rendered in favor of plaintiff in error on three causes of action, being for an alleged illegal levy for the separate school funds of the county; an alleged excessive levy to the extent of one mill for the general fund of the county; and an alleged excessive and illegal levy to the extent of 2.83 mills for the benefit of the sinking fund of the city of Chandler in said county. Upon the judgment against it on these three items, defendant in error filed its cross-petition in error.

The plaintiff in error in due time filed his petition in error and case-made in this court, and thereafter, on November 29, 1927, filed his brief, together with proof of service thereof upon defendant in error.

Defendant in error has wholly failed to file any brief in this cause, and has offered no excuse for its failure so to do.

Under this condition, this court is not required to search the record to find some theory upon which the judgment rendered in favor of plaintiff in the trial court may be sustained, but may, where plaintiff in error files his brief and cites authorities therein which appear to reasonably support and sustain the assignment of error, reverse the judgment of the trial court in accordance with the prayer of the petition in error. City National Bank v. Coatney et al., 122 Okla. 233, 253 Pac. 481; C., R. I. & P. Ry. Co. v. Weaver, 67 Okla. 293, 171 Pac. 34; Lawton National Bank v. Ulrich et al., 81 Okla. 159, 197 Pac. 167, and many other cases.

We have examined the brief of plaintiff in error, and find that the authorities cited therein reasonably tend to support and sustain the assignments of error.

It may be observed, however, that the petition of plaintiff assails the levy for the county highway fund upon two grounds:

(1) That the levy was above the 4 mills allowed by law for the current expenses of the county; and (2) that the appropriation made for county highway purposes was not itemized in the manner provided by law in that the roads and bridges were not specifically named, and the bridges located

and a specific amount appropriated for each bridge.

The judgment of the trial court found generally in favor of the plaintiff and held the entire levy for county highway purposes illegal. We do not know upon which ground he so held, or whether on both grounds. The record discloses that the estimate made and approved for the county highway fund, upon which the levy was made, as to the item for "construction of bridges," was in a lump sum without any attempt to give the location or estimated cost of any bridge or bridges, as required by section 9698, C. O. S. 1921. The estimate was otherwise sufficiently itemized.

We do not wish to be understood as approving a levy made for the construction of bridges upon an estimate thus made. Neither party presents the question as to the validity of that part of the levy represented by this item in the appropriation, and we do not deem it proper to pass upon that question as it does not appear to have been presented to the trial court separate and apart from the question of the validity of the levy as a whole. In all other respects, the brief of plaintiff in error appears to reasonably support his contention.

The defendant in error having failed to file any brief in support of its cross-petition in error, though same has been on file for nearly two years, this court should, and will, treat the cross-petition in error as abandoned, and dismiss the same for want of prosecution.

A part of the prayer of the plaintiff in error is that he be restored to all the rights he lost by reason of the rendition of the judgment against him.

The cross-petition of defendant in error should be dismissed. The judgment against plaintiff in error on the first and fourth causes of action should be reversed, and the cause remanded, with direction to enter judgment in favor of plaintiff in error on the fourth cause of action, relative to the sinking fund levy, and grant the defendant a new trial as to the first cause of action, relative to the county highway levy. The judgment in all other respects should be affirmed.

BENNETT, HERR, HALL, and JEFFREY, Commissioners, concur.

By the Court: It is so ordered.

Note.—See under (1) 2 R. C. L. p. 176; R. C. L. Perm. Supp. p. 360. See "Appeal and Error," 3 C. J. §1604, p. 1440, n. 19; §1607, p. 1447, n. 48.