## FIRST NAT. BANK & TRUST CO. et al. v. WALKER.

No. 22423. Opinion Filed Jan. 24, 1933.

Moss & Young, for plaintiffs in error.

Yancey, Spillers & Fist, for defendant in error.

PER CURIAM. On June 5, 1931, plaintiffs in error, defendants below, filed their petition in error appealing from a judgment rendered December 12, 1930, in favor of plaintiff, wherein the trial court entered judgment for $7,108.30, with interest and costs.

September 28, 1931, plaintiffs in error filed brief, but defendant in error has failed to file brief or to excuse such failure. The examination of the authorities cited in the brief of plaintiffs in error reasonably tends to support the assignments of error. Under the rules of this court, this being the case, this court is not required to search the record to find some theory to sustain the judgment of the trial court. City National Bank v. Coatney, 122 Okla. 233, 253 P. 481; Chicago, R. I. & P. Ry. Co. v. Weaver, 67 Okla. 293, 171 P. 34. This case is reversed and remanded, with directions to the trial court to vacate the judgment of the plaintiff and render judgment for the defendant.

Note.—See under (1) 2 R. C. L. 176; R. C. L. Perm. Supp. p. 360.

## BROWN v. TALIAFERRO et al.

No. 22175. Opinion Filed Jan. 24, 1933.

Brett & Brett, for plaintiff in error.

Champion, Champion & Fischl, for defendants in error.

PER CURIAM. February 11, 1931, plaintiff filed his petition in the district court of Carter county, and on February 25th, was granted a temporary restraining order. On March 19, 1931, plaintiff in error appealed to this court and filed his brief on August 5, 1931, and the authorities in that brief reasonably tend to support the assignments of error and allegations of error in the district court.

Two extensions of time have been granted defendant in error, and he has failed to excuse the delay or failure to file brief herein. This court need not search the record to find some theory upon which to sustain the action of the trial court, but may reverse and remand this case where the authorities cited as above stated reasonably tend to sustain the assignments of error.

The case is reversed and remanded, with directions to grant the prayer of the petition in error and enter a permanent injunction as prayed for.

Note.—See under (1) 2 R. C. L. 176; R. C. L. Perm. Supp. p. 360.