## SILVA v. SILVA.

No. 10015—Opinion Filed March 1, 1921.

Rehearing Denied April 26, 1921.

(Syllabus.)

**1. Trial — Findings and Conclusions — Waiver.**

Under the provisions of section 5017, Rev. Laws 1910, either party may require a special finding of facts and separate conclusions of law by making timely request therefor. Where no request is made until after the court has announced general findings and conclusions, the right will be deemed to have been waived.

**2. Divorce—Decree—Property Rights—Separate Property of Wife.**

Where a divorce is granted the wife by reason of the fault of the husband, the wife is entitled, under the terms of section 4969. Rev. Laws 1910, to have all her separate property owned by her at the time of the marriage or acquired by her in her own right after marriage, and not previously disposed of, restored to her by the decree.

**3. Same—Right of Wife to Permanent Alimony.**

Where a divorce is granted the wife by reason of the fault of the husband, the al-

lowance of permanent alimony rests in the sound judicial discretion of the trial court, and is to be exercised with reference to established principles, and on a view of all the circumstances, such as the husband's estate and ability, at the time the divorce is granted, the wife's condition and means, and the conduct of the parties.

### 4. Same—Judgment—Evidence.

On consideration of the entire record in the instant case, held, that the award of alimony was not unfair or unreasonable, but was sufficient according to the facts as disclosed by the record.

Error from District Court, Pittsburg County; R. W. Higgins, Judge.

Action by Maggie Silva against John Silva for divorce, alimony, attorney's fee, and division of property. Judgment for plaintiff for less than sued for, and she brings error. Affirmed.

Counts & Counts, for plaintiff in error.

Guy L. Andrews, for defendant in error.

McNEILL, J. This action was commenced in the district court of Pittsburg county by Maggie Silva against John Silva for divorce, alimony and attorney fees and for one-half of the property owned by defendant, alleged to be of the value of $50,000. The defendant answered, denied the allegations of the petition, alleging he owned property of the value of $13,000 and was indebted in the sum of $12,000. The court granted plaintiff a divorce and awarded plaintiff two houses, one in Krebs, Oklahoma, and one in McAlester, Oklahoma, the same being in her name, and alimony in the sum of $1,500 and $175 attorney fee. The plaintiff filed a motion for new trial, and the court granted said motion as to the alimony and attorney fee. The case was again submitted to the court upon the question of alimony and attorney fees. Upon the second trial of this phase of the case, the court did not disturb the title to the real estate, but permitted both parties to retain title to the real estate in their respective names, and awarded the plaintiff the sum of $2,250 alimony and an additional attorney fee of $125. It developed that the attorney had been paid $100 of the amount awarded at the former trial. Each party was awarded the household goods in his or her possession. From said judgment the plaintiff has appealed.

For reversal of said judgment it is contended by plaintiff that by virtue of section 4969, Rev. Laws 1910, the plaintiff was entitled to have all her separate property owned by her at the time of the marriage set off to her, and in addition thereto was entitled to a fair and reasonable portion of the property accumulated by plaintiff and defendant as alimony, contending that all of the property

owned by defendant was their joint accumulations, and the award by the court was unfair and unreasonable.

It is further contended that the court made no findings of fact as to what property was the homestead, or what was joint or separate property of the parties, and failed to find the value of any of the property, although requested by the plaintiff so to do. The record discloses that no request was made for special findings by the court, until after the court had announced his judgment. This fact being disclosed by the record, it was not error to refuse to make special findings of fact and separate conclusions of law. German State Bank of Elk City v. Ptachek, 67 Oklahoma, 169 Pac. 1094:

"Under the provisions of section 5017, Rev. Laws 1910, either party may require a special finding of facts and separate conclusions of law by making timely request therefor. Where no request is made until after the court has announced general findings and conclusions, the right will be deemed to have been waived."

In regard to the property of the parties at the time of their marriage, the evidence is not conflicting. The parties were both Italians and were married at McAlester in April, 1905. The plaintiff, at the time, was living in a small four-room box house situated on one or two lots in the town of Krebs, the improvements having been placed upon the lots by her former husband, and the lots had been appraised at $69, but only one-fourth of the appraisement had been paid, and the defendant paid the remaining portion due on said lots. The plaintiff, shortly before her marriage, had sent $7,000 to her father in Italy. At the time of her marriage she owned the house and lot subject to the payments above stated, and was running some kind of a small business. She had a small amount of money, perhaps not to exceed $100, and a few accounts due her. The defendant had a little money and property, perhaps not to exceed $300. The plaintiff, some time after their marriage, sent an additional $2,000 to her father in Italy. During their married life, the exact date not appearing certain, she received from Italy about $2,800, which was placed in the bank to their account and checked out by them. Several years after their marriage, the defendant went to Italy, and while in Italy the plaintiff conducted their business, and during said time she bought a house and lot in McAlester, taking the title in her own name, and paid therefor approximately $1,000, out of the proceeds derived from the business. The decree of the court permitted the plaintiff to retain the property in Krebs, Oklahoma, and the house and lot in McAlester, Oklahoma, the exact

value of these two properties being somewhat in dispute, but of the approximate total value of $4,000. The money sent to Italy by plaintiff prior to the marriage is invested in property there; although she sent $2,000 after their marriage, there was returned $2,800, which was placed in the business. The plaintiff has been awarded certain household furniture, which perhaps had but very little value, and some groceries valued at about $200 and alimony in the sum of $2,250. The total value of property owned by plaintiff and the money awarded the plaintiff as alimony amount to close to $7,000, not including her property in Italy.

The evidence as to value of the property owned by defendant is very conflicting. The property does not appear to be worth near what it was at the time it was purchased. None of the same appears to be desirable property. A small part of the same is rented, and the rent received from the same is very little more than enough to pay the taxes. The defendant is also the owner of notes, plaintiff contends, of the value of $10,000. A great number of the notes and accounts claimed to be owing to the defendant are by parties that have gone through bankruptcy, or suspended business, and no interest has been paid on the notes or accounts for several years, and some of them are outlawed, although a few of them are worth their face value. The evidence regarding the value of his real property is conflicting and ranges from $10,000 to $25,000. The indebtedness of the defendant, as testified to by him, is close to $13,000; a portion of this, or about $10,000, purports to be owing to a brother and that is secured by mortgage. The plaintiff contends, however, that the debt purporting to be due the brother by defendant is not genuine. The plaintiff contends the reasonable value of defendant's property is from $25,000 to $30,000. It is very evident that the trial court came to the conclusion that the property was not this valuable, and we do not think the evidence would support a finding that the property has any such value as contended by plaintiff.

From an examination of the entire record it is very evident this property has depreciated in value. A great portion of it is unoccupied and produces no revenue. The trial court was a resident of McAlester, where the property was situated, and was in a position to know of the value of the property, and it must be presumed that, without making any special findings regarding the value of the property, he considered the value of the property in arriving at the amount of alimony awarded the plaintiff.

In arriving at the amount of alimony it was the duty of the court, first, to ascertain the property owned by the wife prior to her marriage and that acquired by her in her own right thereafter and not previously disposed of, and to decree the same to her as provided by section 4969, Rev. Laws 1910, and as construed by this court in the case of Fiedler v. Fiedler, 47 Okla. 66, 147 Pac. 769. The property owned by the plaintiff at the time of her marriage was a four-room box house, subject to certain liens, and her property in Italy. The evidence disclosed that the four-room box house was burned and rebuilt partly with the insurance collected. The court permitted the plaintiff to keep this property, and in doing so would have a right to take into consideration in awarding alimony the improvements placed upon the property since the marriage, and the amount expended for the lots by the parties since their marriage. As to the money in Italy before the marriage, that still remains in Italy the property of plaintiff, except $700 which was returned to this country and placed in the business. This is all of the property owned by the plaintiff prior to their marriage. It is intimated, however, that the house and lot in McAlester was acquired by plaintiff in her own right, but we are unable to agree with this contention, as the evidence disclosed these parties were operating and conducting a business during their married life, both assisted in the business, kept one bank account, and the money used in purchasing this house was taken out of the business. By virtue of section 4969, Rev. Laws 1910, as construed by this court in Thompson v. Thompson, 70 Oklahoma, 173 Pac. 1037, this property should be considered by the court in making its division of the property. The value of the property now owned by the plaintiff in this country and the alimony amount to approximately $7,000. The exact value of defendant's property is somewhat difficult to determine, but it is very doubtful whether the value of the real estate and notes over and above the indebtedness is equal to the value of the property and alimony awarded the plaintiff, and it is very doubtful if it is equal to one-half of that amount. The duty of the court in determining the amount of alimony to award plaintiff was stated by this court in the case of Hildebrand v. Hildebrand, 41 Okla. 306, 137 Pac. 711, as follows:

"Where a divorce is granted the wife by reason of the fault of the husband, the allowance of permanent alimony, rests in the sound judicial discretion of the trial court, and is to be exercised with reference to established principles, and on a view of all the circumstances, such as the husband's estate

and ability,.at the time the divorce is granted, the wife's condition and means, and the conduct of the parties."

From an examination of the entire record, this court is unable to say that the allowance made by the trial court is unreasonable or not in accord with the provisions of the statute of this state; but from a consideration of the entire record, the award appears to be reasonable and supported by the evidence in the case.

Finding no error in the record, the judgment of the trial court is affirmed.

HARRISON, C. J. and PITCHFORD, ELTING, and NICHOLSON, JJ., concur.