## LAWTON NAT. BANK v. ULRICH et al.

No. 9962—Opinion Filed March 15, 1921.

Rehearing Denied April 26, 1921.

(Syllabus.)

**Appeal and Error—Failure to File Brief—Reversal.**

Where plaintiff in error has served and filed his brief in compliance with the rules of this court, and the defendant in error has neither filed a brief nor offered any excuse for such failure, the court is not required to search the record to find some theory upon which the judgment of the trial court may be sustained, but may, where the authorities cited in the brief filed appear reasonably to sustain the assignments of error. reverse the case in accordance with the prayer of the petition.

Error from District Court, Comanche County; Cham Jones, Judge.

Action by C. S. Ulrich against the Lawton National Bank of Lawton, Okla., and R. P. Taylor to recover on unpaid check. Judgment for plaintiff, and the bank brings error. Reversed and remanded.

S. I. McElhoes, for plaintiff in error.

Stevens & Parmenter, for defendants in error.

NICHOLSON, J. This action was brought in the district court of Comanche county. by C. S. Ulrich, as plaintiff, against Lawton National Bank, of Lawton. Okla., and R. P. Taylor, as defendants, to recover the sum of $1,077.50 upon a check drawn on the defendant bank by the defendant Taylor, and delivered to the plaintiff in payment for 31 head of steers. On the 27th day of November, 1917, judgment was rendered against the Lawton National Bank in the sum of $1,040, with interest thereon at the rate of 6 per cent. per annum from the 28th day of October, 1914, to reverse which this proceeding in error was commenced.

Plaintiff in error has served and filed its brief, but the defendant in error has filed no brief, although the time for doing so has expired. It is well settled in this jurisdiction that when plaintiff in error has served and filed his brief in compliance with the rules of this court, and the defendant in error has neither filed a brief nor offered any excuse for such failure, the court is not required to search the record to find some theory upon which the judgment of the court below may be sustained, but may. when the authorities cited in the brief filed appear reasonably to sustain the assignments of error, reverse the case in accordance with the prayer of the petition. Chicago, R. I. & P. R. Co. v. Weaver, 67 Oklahoma, 171 Pac. 34, and cases there cited.

As the brief of the plaintiff in error and the authorities cited therein appear reasonably to sustain the assignments of error, the judgment of the court below is reversed, and the cause remanded for a new trial.

HARRISON, C. J., and PITCHFORD. McNEILL, and ELTING, JJ., concur.