[No. 16231.   Department Two.   April 11, 1921.]

CARL A. ROSLUND, *Appellant,* v. NELLIE BROWNLOW,
*Respondent.*[1]

SALES (13, 22)—FRAUD BY SELLER—EVIDENCE—SUFFICIENCY. A finding that no false representations were made by defendant as to the gross income of a hotel sold to plaintiff is supported by evidence that, during the month preceding the sale, the hotel earned such sum and for some months prior thereto earned approximately the sum represented.

SAME (21)—FRAUD BY SELLER — EVIDENCE — ADMISSIBILITY.   In an action for false representations as to the income of hotel property, it was not error to exclude evidence as to sales of intoxicating liquor by the housekeeper who had control of the property for defendant, which sales it was claimed by plaintiff entered into the computation of the gross income, where it appeared from the evidence that the monthly reports made by the housekeeper were based alone upon the rents received.

APPEAL (452)—REVIEW—ERROR NOT AFFECTING TRIAL DE NOVO. The admission of evidence of the amount paid by defendant for a hotel business was immaterial in an action against defendant for damages for falsely representing the gross income of the hotel sold by defendant to plaintiff.

PAYMENT (32)—RECOVERY OF VOLUNTARY PAYMENTS.   Where an action was brought for rescission of the sale of a hotel, or, in the alternative for damages for fraud in making the sale, but rescission was waived and the suit tried as one for damages, it was not necessary for the court, in its findings of fact or judgment in the action for damages, to notice the payment of monthly instalments made on the contract price on the theory of an action for rescission.

Appeal from a judgment of the superior court for King county, Hall, J., entered July 27, 1920, upon findings in favor of the defendant, dismissing an action for damages, tried to the court.   Affirmed.

*Gay & Griffin,* for appellant.
*John F. Dore,* for respondent.

[1]Reported in 197 Pac. 16.

MITCHELL, J.—This action was brought for a rescission of the sale of the Mason Hotel business, in Seattle, made to the plaintiff, Carl. A. Roslund, by the defendant, Nellie Brownlow, on February 6, 1920, or in the alternative, for damages in the sum of $2,000, because of fraud alleged to have been committed by the defendant in making the sale. The consideration was $4,000 cash and a chattel mortgage on the furniture in the sum of $2,000, payable in monthly installments. The plaintiff made no payment on the mortgage, but within a month commenced this action. Without any order of the court, and without the consent or suggestion of the defendant, he paid the monthly installments, together with interest provided for in the mortgage, as they became due, into the registry of the court, as stated in the complaint, to abide the determination of the suit. When the case was called for trial without a jury, the plaintiff waived all claimed right of rescission and elected to try it as a damage suit. Findings and conclusions in favor of the defendant were made and entered, and from a judgment of dismissal thereon, the plaintiff has appealed.

Assignments of error I to IV, inclusive, cover the same proposition. In the complaint, there are two things it is claimed were misrepresented, first, that the contents of the linen room of the hotel did not coincide with the statement furnished, in that it was short a substantial number of sheets, towels, bath towels, spreads, curtains, slips and dresser scarfs; and second, that the monthly gross income of the hotel of $685 was greatly exaggerated. As to the first item of complaint, it was abandoned in the course of the trial, at least it is not presented on the appeal. The second ground of complaint constitutes the principal controversy here. The court's findings were as follows:

"III. That the defendant represented to plaintiff that during the month of January, 1920, the gross income of said hotel was the gross sum of six hundred and eighty-five ($685) dollars. IV. That said hotel did earn the sum of six hundred eighty-five ($685) dollars during January, 1920, and for some months prior thereto earned approximately the same sum. V. That no false representations were made by defendant to plaintiff and this plaintiff was not deceived."

The hotel consisted of twenty-six rooms and was used only as a rooming house. The business had been purchased by the respondent in September, 1919. She resided at another place and gave none of her personal attention to the hotel, but conducted it through an agent or manager. She was not conversant with the details of the different room rents, and at the end of each month received from her manager a statement that gave the total amount only of receipts for the month. There is evidence to show that, at some time reasonably near the date of the sale to the appellant, the rooms which were rented by the week or the month produced an income considerably below $685 per month. It further appears that probably each of the rooms at sometime or another during the several months of that winter had been rented by the week or month, but not all at any one time. Three or four rooms were usually reserved for transients at a higher rate which, together with rents received from roomers by the week and month, were sufficient to account for the total amount reported by respondent's manager, and on which respondent relied in making the representation as to the gross income of the business in selling the property to the appellant. This matter was but a question of fact, and the evidence altogether clearly supports the findings.

The fifth assignment is "that the court. erred in denying the appellant the opportunity of proving the character of the house respondent was operating." No such issue was raised in the pleadings. The record fails to show that any such offer of proof was made. There were questions asked by appellant's counsel of adverse witnesses indicating the arrest, two or three days before the sale of the hotel on February 6, of a housekeeper in the hotel for the alleged illegal sale of intoxicating liquor. Objections were sustained to the questions. This is what the assignment of error relates to, and it is argued the inquiry was to account in part for the gross income reported. There was no reversible error in the ruling of the trial court, however, because it clearly appears the housekeeper did not control the rents, and the manager, who testified, said she had control of the house from October 15 until it was sold by the respondent in February, and that, during that time, her monthly reports were based upon rents received.

It is claimed in another assignment that the court erred in permitting the respondent to testify over objections as to the amount she paid for the hotel business. The proof may have been somewhat in answer to that introduced by the appellant as to the value of the property at the time of the sale to him, but at most it was immaterial and can in no way change the effect of the other evidence in the case.

It is argued the court should have found and determined that the moneys paid into the registry of the court by the appellant during the pendency of this suit were so paid subject to the termination of the action and for the use and benefit of the respondent if she prevailed. As already seen, the payments were entirely voluntary. They were made without any order of court

or request of the respondent.  If such payments were proper in protection of his rights in an action for rescission, which was one of the theories of the complaint, they became unnecessary when that theory was abandoned at the trial.  The trial of the case, as an action at law to recover damages only, required no notice to be taken of the payments in either the findings of fact or the judgment.

The motion for a new trial was properly denied. Judgment affirmed.

PARKER, C. J., MAIN, TOLMAN, and MOUNT, JJ., concur.