## In re ESTATE OF ENOS NICHOLS. COOK, Adm'r, v. VINSON.

No. 11420—Opinion Filed May 16, 1922.

(Syllabus.)

**Appeal and Error—Failure to File Brief—Reversal.**

Where plaintiff in error has served and filed his brief in compliance with the rules of this court, and the defendant in error has neither filed a brief nor offered any excuse for such failure, the court is not required to search the record to find some theory upon which the judgment of the trial court may be sustained, but may, where the authorities cited in the brief filed appear to reasonably sustain the assignments of error, reverse the case in accordance with the prayer of the petition in error.

Error from District Court, Pottawatomie County; John L. Coffman, Assigned Judge.

Action by S. C. Vinson, former administrator of the estate of Enos Nichols, deceased, against the estate of Enos Nichols, deceased, R. W. Cook, administrator. Judgment for plaintiff, and defendant brings error. Reversed and remanded.

T. G. Cutlip, for plaintiff in error.

Maben & Pitman and Abernathy & Howell, for defendant in error.

NICHOLSON, J. This action originated in the county court of Pottawatomie county, which court, in passing upon the final account of the defendant in error, made an order charging him with certain amounts for which he had previously taken credit. An appeal was, by the defendant in error, taken to the district court of said county, which court rendered judgment reversing

the judgment of the county court, and it is to review this judgment that this proceeding in error was commenced.

Plaintiff in error has served and filed his brief, but no brief has been filed by the defendant in error. It is a well-established rule in this jurisdiction that when the plaintiff in error has served and filed his brief in compliance with the rules of this court, and the defendant in error has neither filed a brief nor offered an excuse for his failure to do so, the court is not required to search the record to find some theory upon which the judgment of the court below may be sustained, but may, when the authorities cited in the brief filed appear reasonably to sustain the assignments of error, reverse the cause in accordance with the prayer of the petition in error. Chicago, R. I. & P. Ry. Co. v. Weaver, 67 Oklahoma, 171 Pac. 34, and cases there cited; Lawton Nat. Bank v. Ulrich, 81 Okla. 159, 197 Pac. 167.

The brief of the plaintiff in error and the authorities cited therein appear reasonably to sustain the assignments of error. Therefore, the judgment of the trial court is reversed, and the cause remanded for a new trial.

PITCHFORD, V. C. J., and JOHNSON, McNEILL, MILLER, and KENNAMER, JJ., concur.