## In re CHILDS' ESTATE.
## SNEED v. SNEED et al.

No. 10831—Opinion Filed Sept. 26, 1922.

(Syllabus.)

**Appeal and Error—Failure of Defendant in Error to File Brief—Reversal.**

Where plaintiff in error has served and filed his brief in compliance with the rules of this court, and the defendant in error has neither filed a brief nor offered any excuse for such failure, the court is not required to search the record to find some theory upon which the judgment of the trial court may be sustained, but may, where the authorities cited in the brief filed appear to reasonably sustain the assignments of error, reverse the cause in accordance with the prayer of the petition.

Error from Superior Court, Okmulgee County; R. E. Simpson, Judge.

Appeal by Artra Sneed from a judgment of the Superior Court of Okmulgee County denying probate of the last will and testament of Lucy Childs, deceased. Reversed and remanded.

A. L. J. Meriwether and R. S. Gamble, for plaintiff in error.

NICHOLSON, J. This is an appeal from a judgment of the superior court of Okmulgee county, denying probate of the last will and testament of Lucy Childs, deceased, which judgment affirmed the judgment of the county court of said county.

Plaintiff in error has served and filed her brief, but no brief has been filed by the defendants in error. It is a well-established rule in this jurisdiction that where the plaintiff in error has served and filed his brief in compliance with the rules of this court, and the defendant in error has neither filed a brief nor offered any excuse for his failure to do so, the court is not required to search the record to find some theory upon which the judgment of the trial court may be sustained, but may, where the authorities cited in the brief filed appear to sustain the assignments of error, reverse the cause in accordance with the prayer of the petition in error. Lawton Nat. Bank v. Ulrich, 81 Okla. 159, 197 Pac. 167; In re Estate of Enos Nichols, Deceased, R. W. Cook, Adm'r. v. Vinson, 86 Okla. 181, 207 Pac. 93.

The brief of the plaintiff in error and the authorities therein cited appear reasonably to sustain the assignments of error, therefore the judgment of the trial court is reversed, and the cause remanded for a new trial.

KANE, JOHNSON, McNEILL, MILLER, and KENNAMER, JJ., concur.