## SPENCER v. GLOVER et al.

No. 10883—Opinion Filed Jan. 11, 1923.

(Syllabus.)

### Appeal and Error—Failure of Defendant in Error to File Brief—Reversal.

Where plaintiff in error has served and filed his brief in compliance with the rules of this court, and the defendant in error has neither filed a brief nor offered any excuse for such failure, the court is not required to search the record to find some theory upon which the judgment of the trial court may be sustained, but may, where the authorities cited in the brief filed appear reasonably to sustain the assignments of error, reverse the judgment and remand the cause in accordance with the prayer of the petition in error.

Error from Superior Court, Pottawatomie County; Leander G. Pitman, Judge.

Action by Emma Glover, by her next friend, F. Frank Glover, against Ethel Harrison and others. Judgment for plaintiff, and defendant L. E. Spencer appeals. Reversed and remanded.

Chas. L. Moore, for plaintiff in error.

NICHOLSON, J. This action instituted in the superior court of Pottawatomie county by Emma Glover, by her next friend, F. Frank Glover, against the plaintiff in error and Mrs. Ethel Harrison, Tom Harrison, and L. E. Spencer Motor Company to recover damages in the sum of $15,000 for personal injuries sustained by being struck by an automobile driven by Mrs. Ethel Harrison. Upon the case being called for trial, the plaintiff dismissed the cause as to the defendants Mrs. Ethel Harrison and Tom Harrison, and in the absence of L. E. Spencer a jury was empaneled, evidence submitted, and a verdict in the sum of $5,000 against the plaintiff in error was returned, upon which judgment was entered, and to review which this proceeding in error was instituted.

Plaintiff in error has served and filed her brief in compliance with the rules of this court, and the defendant in error has neither filed a brief nor offered any excuse for such failure. The court is not required to search the record to find some theory upon which the judgment of the trial court may be sustained, but may, where the authorities cited in the brief filed appear reasonably to sustain the assignments of error, reverse the judgment, and remand the cause in accordance with the prayer of the petition in error. Chicago, R. I. & P. Ry. Co. v. Weaver, 67 Okla. 293, 171 Pac. 34, and cases there cited; Lawton Nat'l Bank v. Ulrich, 81 Okla. 159, 197 Pac. 167.

The brief of plaintiff in error and the authorities cited therein appear reasonably to sustain the assignments of error, therefore the judgment of the trial court is reversed, and the cause remanded for a new trial.

JOHNSON, McNEILL, MILLER, and KENNAMER, JJ., concur.