## BRACKETT et al. v. STOUGH.

No. 11618—Opinion Filed July 10, 1923.

(Syllabus.) --

**Appeal and Error.—Failure to File Brief—Reversal.**

Where plaintiffs in error have served and filed their brief in compliance with the rules of this court, and the defendant in error has neither filed a brief nor offered any excuse for her failure to do so, the court is not required to search the record to find some theory upon which the judgment of the trial court may be sustained, but may, where the authorities cited in the brief filed appear reasonably to sustain the assignments of error, reverse the judgment and remand the cause in accordance with the prayer of the petition in error.

Error from District Court, Craig County; A. C. Brewster, Judge.

Action by Kelpie Stough against J. T. Brackett, Constable, and another for damages. Judgment for plaintiff, and defendants bring error. Reversed and remanded.

Theo. D. B. Frear, for plaintiffs in error.

NICHOLSON, J. This action was brought by Kelpie Stough against J. T. Brackett, constable of township No. 6, of Craig county, Okla., and John G. Starr, surety on his official bond, to recover damages in the sum of $450, alleged to have been sustained because of the alleged wrongful seizure and sale of a Ford automobile claimed to be the property of the plaintiff. A trial resulted in a verdict in favor of the plaintiff for the sum of $300, upon which judgment was duly entered, and to reverse which this proceeding in error was instituted.

The plaintiffs in error have served and filed their brief in compliance with the rules of the court, but the defendant in error has neither filed a brief nor offered any excuse for her failure to do so. It has been uniformly held by this court that under these circumstances, the court is not required to search the record to find some theory upon which the judgment of the trial court may be sustained, but may, where the authorities cited in the brief filed appear reasonably to sustain the assignments of error, reverse the judgment and remand the cause in accordance with the prayer of the petition in error. Chicago, R. I. & P. Ry. Co. v. Weaver, 67 Okla. 293, 171 Pac. 34; Lawton Nat. Bank v. Ulrich, 81 Okla. 159, 197 Pac. 167; American Central Ins. Co. v. Boyle, 89 Okla. 278, 215 Pac. 414.

The brief of the plaintiffs in error and the authorities cited therein appear reasonably to sustain the assignments of error; therefore, the judgment of the trial court is reversed, and the cause remanded for a new trial.

JOHNSON, C. J., and McNEILL, COCHRAN, and MASON, JJ., concur.