## DRANE v. KYLE.

No. 17613—Opinion Filed March 15, 1927.

(Syllabus.)

**Appeal and Error—Reversal—Failure to File Answer Brief.**

Where plaintiff in error has served and filed his brief in compliance with the rules of this court, and the defendant in error has neither filed a brief nor offered any excuse for his failure to do so, this court is not required to search the record to find some theory upon which the judgment of the trial court may be sustained, but may, where the authorities cited in the brief filed appear reasonably to sustain the assignments of error, reverse the cause, with directions, in accordance with the prayer of the petition in error.

Error from Common Pleas Court. Tulsa County; Gerald F. O'Brian, Judge.

Action between F. M. Drane and C. R. Kyle. From the judgment, the former brings error. Reversed and remanded.

H. D. Moreland, for plaintiff in error.

Eugene O. Monett, for defendant in error.

PER CURIAM. This is an appeal from a final order of the trial court discharging certain moneys from garnishment.

Plaintiff in error was plaintiff below, and in due time he filed his brief in full compliance with the rules of the court, but defendant in error has wholly failed to file any brief within time as required by rules of this court, or order extending the time therefor, nor has he offered any excuse for his failure to do so although time therefor has long expired.

In the case of City National Bank v. Coatney, 122 Okla. 233, 253 Pac. 481. it is held that:

"Under this condition of the case this court is not required to search the record to find some theory upon which the judgment of the trial court may be sustained, but may. where plaintiff in error files brief and cites authorities therein which reasonably support and sustain the assignments of error, reverse the judgment of the lower court in accordance with the prayer of the petition in error." See Chicago, R. I. & P. Ry. Co. v. Weaver, 67 Okla. 293, 171 Pac. 34; Lawton National Bank v. Ulrich, 81 Okla. 159, 197 Pac. 167.

In this case the petition in error prays that the order of the trial court discharging the moneys from garnishment be reversed and held for naught, and that the plaintiff

In error be restored to all rights lost by reason of said order so made by the trial court, and this court finds upon examination that the authorities cited by the plaintiff in error reasonably support the contention of plaintiff. It is therefore ordered that the order of the trial court discharging the moneys from garnishment be reversed, vacated. set aside, and held for naught, and that the plaintiff in error be restored to all rights lost by reason of said order of the trial court appealed from.

Note.—See 3 C. J. p. 1447, §1607; 2 R. C. L. p. 176; 1 R. C. L. Supp. p. 425; 5 R. C. L. Supp. p. 77.