### AMERICAN NAT. BANK OF ARDMORE v. HUNNICUTT.

No. 18527.  Opinion Filed Nov. 1, 1927.

(Syllabus.)

**Appeal and Error—Reversal Where no Answer Brief Filed.**

The syllabus in the case of City National Bank v. Coatney et al., 122 Okla. 233, 253 Pac. 481, is hereby adopted as the syllabus in this case.

Error from District Court, Johnston County; Porter Newman, Assigned Judge.

Action by the American National Bank of Ardmore against F. L. Hunnicutt. From the action of the trial court in making a conditional order confirming sale of real estate upon execution, plaintiff appeals. Reversed and remanded.

Dolman & Dyer, for plaintiff in error.

Joe S. Ratliff, for defendant in error.

PER CURIAM. This is an appeal from an order of the district court of Johnston county wherein the trial court confirms a sheriff's sale of real estate upon order of sale on condition that a deficiency judgment be canceled by the court clerk, and to which order the plaintiff in error excepted at the time. The plaintiff in error was plaintiff below. In due time plaintiff in error served and filed its brief in full compliance with the rules of this court, but the defendant in error has wholly failed to file any brief or otherwise appear in this court. In the case of City National Bank v. Coatney et al., 122 Okla. 233, 253 Pac. 481, this court laid down the following rule:

"Where plaintiff in error has served and filed its briefs in compliance with the rules of this court, and the defendant in error has neither filed a brief nor offered any excuse for his failure to do so, this court is not re-

quired to search the record to find, some theory upon which the judgment of the trial court may be sustained, but may, where the authorities cited in the brief filed, appear reasonably to sustain the assignments of error, reverse the cause, with directions, in accordance with the prayer of the petition in error." Chicago, R. I. & P. Ry. Co. v. Weaver, 67 Okla. 293, 171 Pac. 34; Lawton National Bank v. Ulrich et al., 81 Okla. 159, 197 Pac. 167.

In this case the petition in error prays that the judgment and order appealed from be vacated, set aside, and, held for naught and that a judgment or order confirming the sheriff's sale be entered in the trial court, and we find upon examination of the authorities cited by plaintiff in error they reasonably support the contention of the plaintiff, and we, therefore, reverse the judgment and order of the lower court and direct it to vacate said former judgment or order and enter an order in said cause confirming said sale.

Note.—See 3 C. J. p. 1447, §1607.