## CONSOLIDATED SCHOOL DIST. No. 71, CARTER CO., v. LATHUM.

No. 17816.    Opinion Filed Nov. 29, 1927.

(Syllabus.)

**Appeal and Error—Reversal—Failure to File Answer Brief.**

The syllabus in the case of City National Bank v. Coatney, 122 Okla. 233, 253 Pac. 481, is hereby adopted as the syllabus in this case.

Error from District Court, Carter County; W. F. Freeman, Judge.

Action by Effie Lathum against Consolidated School District No. 17, Carter County. Judgment for plaintiff, and defendant brings error. Reversed and remanded, with directions.

J. A. Bass, for plaintiff in error.

PER CURIAM. This is an appeal from the judgment of the district court of Car-

ter county, wherein the plaintiff in error was defendant below.

The plaintiff in error in due time served and filed its brief in full compliance with the rules of this court, but the defendant in error has wholly failed to file any brief, pleading, or otherwise appear in this court on appeal, nor has she offered any excuse for her failure to do so.

"Where plaintiff in error has served and filed its brief in compliance with the rules of this court, and the defendant in error has neither filed a brief nor offered any excuse for his failure to do so, this court is not required to search the record to find some theory upon which the judgment of the trial court may be sustained, but may, where the authorities cited in the brief filed appear reasonably to sustain the assignments of error, reverse the cause with directions, in accordance with the prayer of the petition in error." City National Bank v. Coatney, 122 Okla. 233, 253 Pac. 481; Chicago, R. I & P. Ry. Co. v. Weaver, 67 Okla. 293, 171 Pac. 34; Lawton National Bank v. Ulrich, 81 Okla. 159, 197 Pac. 167.

In this case the petitioner in error prays that the judgment of the trial court be reversed, and that judgment be rendered for the plaintiff in error, and we find upon examination of the authorities cited by plaintiff in error that they reasonably support the contention of the plaintiff in error, and we therefore reverse the judgment of the lower court, directing it to vacate its former judgment and enter judgment in favor of the plaintiff in error, defendant below.

Note.—See 3 C. J. pp. 1446, 1447, §1607; 4 C. J. p. 1161, §3174.