### POURNARIS v. HARPER et al.

No. 18228.    Opinion Filed Jan. 31, 1928.

(Syllabus.)

**Appeal and Error—Reversal Where no Answer Brief Filed.**

The syllabus in the case of City National Bank v. Coatney, 122 Okla. 233, 253 Pac. 481, is hereby adopted as the syllabus in this case.

Error from District Court, McCurtain County; George T. Arnett, Judge.

Action between C. A. Pournaris against W. R. Harper et al. From the judgment, the former appeals. Reversed and remanded.

Robinson & Oden, for plaintiff in error.

E. C. Armstrong, for defendants in error.

PER CURIAM. This is an appeal from the district court of McCurtain county wherein the plaintiff in error was plaintiff below. Plaintiff in error in due time served and filed his brief in full compliance with the rules of this court, but the defendant in error has wholly failed to file any brief, pleading, or otherwise appear in this court, nor has he offered any excuse for his failure to do so.

"Where plaintiff in error has served and filed its brief in compliance with the rules of this court, and the defendant in error has neither filed a brief nor offered any excuse for his failure to do so, this court is not required to search the record to find some theory upon which the judgment of the trial court may be sustained, but may, where the authorities cited in the brief filed, appear reasonably to sustain the assignments of error, reverse the cause, with directions, in accordance with the prayer of the petition in error." City National Bank v. Coatney, 122 Okla. 233, 253 Pac. 481; Chicago, R. I. & P. Ry. Co. v. Weaver, 67 Okla. 293, 171 Pac. 34; Lawton National Bank v. Ulrich, 81 Okla. 159, 197 Pac. 167.

In this case the petition in error prays that this cause be reversed and the judgment rendered in the trial court set aside and held for naught, and that a judgment be rendered in favor of the plaintiff in error and against the defendants in error as prayed in the petition filed in the trial court, and we find, upon examination of the authorities cited by plaintiff in error, they reasonably support the contention of the plaintiff, and we therefore reverse the judgment of the lower court and direct it to vacate its former judgment and enter judgment in favor of the plaintiff in error.