### CHICAGO, R. I. & P. RY. CO. v. STATE et al.

No. 17825.   Opinion Filed Jan. 31, 1928.

(Syllabus.)

**Appeal and Error—Reversal Where no Answer Brief.**

The syllabus in the case of City National Bank v. Coatney, 122 Okla. 233, 253 Pac. 481, is hereby adopted as the syllabus in this case.

From order of Corporation Commission granting to F. D. Gay a permit to operate a motor bus line, the Chicago, Rock Island & Pacific Railway Company appeals. Reversed and remanded, with directions.

W. R. Bleakmore, John Barry, and A. T. Boys, for plaintiff in error.

Earl Brown and Robert Kerr, for defendant in error Gay.

PER CURIAM. This is an appeal from an order of the Corporation Commission of this state granting to the defendant in error Gay permission to operate a bus line. The plaintiff in error was the objector before the Corporation Commission.

Plaintiff in error in due time served and filed its brief in full compliance with the rules of this court, but the defendants in error have wholly failed to file any brief or to otherwise appear in this cause in this court, nor have they offered any excuse for their failure to do so.

"Where plaintiff in error has served and filed its brief in compliance with the rules of this court, and the defendant in error has neither filed a brief nor offered any excuse for his failure to do so, this court is not required to search the record to find some theory upon which the judgment of the trial court may be sustained, but may, where the authorities cited in the brief filed, appear reasonably to sustain the assign¬ ments of error, reverse the cause, with directions, in accordance with the prayer of the petition in error." City National Bank v. Coatney, 122 Okla. 233, 253 Pac. 481; Chicago, R. I. & P. Ry. Co. v. Weaver, 67 Okla. 293, 171 Pac. 34; Lawton National Bank v. Ulrich, 81 Okla. 159, 197 Pac. 167.

In this case the petition in error prays that the said order of the Corporation Commission be vacated, set aside, and held for naught, and we find, upon examination of the authorities cited by plaintiff in error, they reasonably support the contention of plaintiff in error. We therefore reverse the judgment of the Corporation Commission and direct that it vacate and set aside its former order in this cause.