## PHILPOT et al. v. STATE.

No. 18050. Opinion Filed Feb. 28, 1928.

(Syllabus.)

**Appeal and Error—Reversal—Failure of Defendant in Error to File Brief.**

The syllabus in the case of City National Bank v. Coatney, 122 Okla. 233, 253 Pac. 481, is hereby adopted as the syllabus in this case.

Error from District Court, Washington County; E. E. Heyl, Special Judge.

Action by the State against Walter Philpot et al. From the judgment, the former bring error. Reversed and remanded.

Wright & Gill and Hargis & Yarbrough, for plaintiffs in error.

C. E. Bailey, Co. Atty., for defendant in error.

PER CURIAM. This is an appeal from the judgment of the district court of Washington county wherein the plaintiffs in error were defendants below.

Plaintiffs in error in due time served and filed their brief in full compliance with the rules of this court, but the defendant in error has wholly failed to file any brief, pleading or to otherwise appear in this cause on appeal, nor has it offered any excuse for its failure to do so.

"Where plaintiff in error has served and

filed its brief in compliance with the rules of this court, and the defendant in error has neither filed a brief nor offered any excuse for his failure to do so, this court is not required to search the record to find some theory upon which the judgment of the trial court may be sustained, but may, where the authorities cited in the brief filed appear reasonably to sustain the assignments of error, reverse the cause, with directions, in accordance with the prayer of the petition in error." City National Bank v. Coatney, 122 Okla. 233, 253 Pac. 481; Chicago, R. I. & P. Ry. Co. v. Weaver, 67 Okla. 293, 171 Pac. 34; Lawton National Bank v. Ulrich, 81 Okla. 159, 197 Pac. 167.

In this case plaintiffs in error pray that the judgment of forfeiture in the trial court be reversed, set aside, and held for naught, and they be restored to all rights lost by the rendition of said judgment, and we find, upon examination of the authorities cited by plaintiffs in error, they reasonably support the contention of the plaintiffs in error, and we therefore reverse the judgment of the lower court and direct it to vacate and set aside the judgment of forfeiture entered in said cause and enter judgment in favor of the plaintiffs in error.

Note.—See 3 C. J. p. 1447, §1607.