## RAGER et al. v. STATE ex rel. TEMPLETON, Co. Atty.

No. 18469. Opinion Filed Feb. 28, 1928.

(Syllabus.)

**Appeal and Error—Reversal—Failure of Defendant in Error to File Brief.**

The syllabus in the case of City National Bank v. Coatney et al., 122 Okla. 233, 253 Pac. 481, is hereby adopted as the syllabus in this case.

Error from District Court, Osage County; Jesse J. Worten, Judge.

Action between Frank Rager et al. and the State ex rel. Templeton, County Attorney, Osage County, Okla. From the judgment, the former appeal. Reversed and remanded.

Hargis & Yarbrough, for plaintiffs in error.

C. K. Templeton, Co. Atty., for defendant in error.

PER CURIAM. This is an appeal from the judgment of the district court of Osage county wherein the plaintiffs in error were defendants below.

The plaintiffs in error in due time served and filed their brief in full compliance with the rules of this court, but the defendant in error has wholly failed to file any brief, pleading, or to otherwise appear in this cause on appeal, nor has he offered any excuse for his failure to do so.

"Where plaintiff in error has served and filed its brief in compliance with the rules of this court, and the defendant in error has neither filed a brief nor offered any excuse for his failure to do so, this court is not required to search the record to find some theory upon which the judgment of the trial court may be sustained, but may, where the authorities cited in the brief filed appear reasonably to sustain the assignments of error, reverse the cause, with directions, in accordance with the prayer of the petition in error." City National Bank v. Coatney, 122 Okla. 233, 253 Pac. 481; Chicago, R. I. & P. Ry. Co. v. Weaver, 67 Okla. 293, 171 Pac. 34; Lawton National Bank v. Ulrich, 81 Okla. 159, 197 Pac. 167.

In this case the petition in error prays that this cause be reversed, directing the court below to sustain the motion to vacate the judgment formerly rendered in said cause, and we find, upon examination of the authorities cited by the plaintiffs in error, they reasonably support the contention of the plaintiffs in error, and we therefore reverse the judgment of the lower court, directing it to sustain plaintiffs in error's motion to vacate the judgment and enter judgment in favor of the plaintiffs in error vacating the former judgment rendered in this cause.

Note.—See 3 C. J. p. 1447, §1607.