## CAUSEY v. BROWN et al.

No. 18143.    Opinion Filed Feb. 28, 1928.

Rehearing Denied June 5, 1928.

(Syllabus.)

**Appeal and Error—Reversal—Failure of Defendant in Error to File Brief.**

The syllabus in the case of City National Bank v. Coatney, 122 Okla. 233, 254 Pac. 481, is hereby adopted as the syllabus in this case.

Error from District Court, McCurtain County; G. M. Barrett, Judge.

Action between Walter G. Causey and T. C. Brown et al. From the judgment, the former brings error. Reversed and remanded.

E. C. Stanard, M. L. Hankins, and W. T. Williams, for plaintiff in error.

E. C. Armstrong and John C. Head, for defendants in error.

PER CURIAM. This is an appeal from the judgment of the district court of McCurtain county wherein plaintiff in error was plaintiff below.

Plaintiff in error in due time served and filed his brief in full compliance with the rules of this court, but the defendants in error have wholly failed to file any brief, pleading or otherwise appear in this cause on appeal, nor have they offered any excuse for their failure to do so.

"Where plaintiff in error has served and filed its brief in compliance with the rules of this court, and the defendant in error

has neither filed a brief nor offered any excuse for his failure to do so, this court is not required to search the record to find some theory upon which the judgment of the trial court may be sustained, but may, where the authorities cited in the brief filed appear reasonably to sustain the assignments of error, reverse the cause with directions, in accordance with the prayer of the petition in error." City National Bank v. Coatney, 122 Okla. 233, 254 Pac. 481; Chicago, R. I. & P. Ry. Co. v. Weaver, 67 Okla. 293, 171 Pac. 34; Lawton National Bank v. Ulrich, 81 Okla. 159, 197 Pac. 167.

In this case the petition in error prays that the judgment rendered in the trial court be reversed, set aside, and held for naught and judgment be rendered in favor of the plaintiff in error and against the defendants in error, and we find, upon examination of the authorities cited by plaintiff in error, they reasonably support the contention of plaintiff in error, that the judgment of the trial court should be reversed, and we therefore reverse the judgment of the trial court and direct it to vacate its former judgment and to grant a new trial in said cause.

Note.—See 3 C. J. p. 1447, §1607.