## HARLOW PUBLISHING CO. v. FORBES.

No. 18242. Opinion Filed Feb. 28, 1928.

(Syllabus.)

### Appeal and Error—Reversal—Failure of Defendant in Error to File Brief.

The syllabus in the case of City National Bank v. Coatney, 122 Okla. 233, 253 Pac. 481, is hereby adopted as the syllabus in this case.

Error from District Court, Garvin County; W. G. Long, Judge.

Action between Harlow Publishing Company and R. E. Forbes. From the judgment, the former appeals. Reversed and remanded.

Bowling & Farmer, for plaintiff in error.

Blanton, Osborn & Curtis, for defendant in error.

PER CURIAM. This is an appeal from the judgment of the district court of Garvin county wherein plaintiff in error was plaintiff below.

The plaintiff in error in due time served and filed its brief in full compliance with the rules of this court, but the defendant in error has wholly failed to file any brief, pleading or otherwise appear in this cause on appeal, nor has he offered any excuse for his failure to do so.

"Where plaintiff in error has served and filed its brief in compliance with the rules of this court, and the defendant in error has neither filed a brief nor offered any excuse for his failure to do so, this court is not required to search the record to find some theory upon which the judgment of the trial court may be sustained, but may, where

the authorities cited in the brief filed appear reasonably to sustain the assignments of error, reverse the cause, with directions, in accordance with the prayer of the petition in error. City National Bank v. Coatney et al., 122 Okla. 233, 253 Pac. 481; Chicago, R. I. & P. Ry. Co. v. Weaver, 67 Okla. 293, 171 Pac. 34; Lawton National Bank v. Ulrich, 81 Okla. 159, 197 Pac. 167.

In this case the petition in error prays that the order and judgment of the trial court be reversed, set aside, and held for naught, and that judgment be entered in favor of the plaintiff in error and against the defendant in error, and we find, upon examination of the authorities cited by plaintiff in error, they reasonably support the contention of plaintiff in error, and we therefore reverse the judgment of the lower court, direct it to vacate and set aside the former judgment rendered in said cause, and enter judgment in favor of the plaintiff in error.

Note.—See 3 C. J. p. 1447, §1607.