**NUERWELL v. BLAKE, Co. Treas., et al.**

No. 18986. Opinion Filed March 6, 1928.

(Syllabus.) .

**Appeal and Error—Reversal Where no Answer Brief Filed.**

The syllabus in the case of City National Bank v. Coatney et al., 122 Okla. 233, 253 Pac. 481, is hereby adopted as the syllabus in this case.

Error from District Court, Creek County; Thomas H. Harris, Judge.

Action between F. R. Nuerwell and Ralph Blake, County Treasurer of Creek County. From the judgment, the former brings error. Reversed and remanded.

Frank P. Smith and James Harrington, for plaintiff in error.

Chas. E. Webster and Lloyd Seay, for defendants in error.

PER CURIAM. This is an appeal from the judgment of the district court of Creek county, wherein plaintiff in error was plaintiff below.

Plaintiff in error in due time served and filed his brief in full compliance with the rules of this court, but the defendants in error have wholly failed to file any brief, pleading, or to otherwise appear in this cause upon its merits, nor have they offered any excuse for their failure to do so.

"Where plaintiff in error has served and filed its brief in compliance with the rules of this court, and the defendant in error has neither filed a brief nor offered any excuse for his failure to do so, this court is not required to search the record to find some theory upon which the judgment of the trial court may be sustained, but may, where the authorities cited in the brief filed, appear reasonably to sustain the assignments of error, reverse the cause, with directions, in accordance with the prayer of the petition in error." City National Bank v. Coatney, 122 Okla. 233, 253 Pac. 481; Chicago, R. I. & P. Ry. Co. v. Weaver, 67 Okla. 293, 171 Pac. 34; Lawton National Bank v. Ulrich, 81 Okla. 159, 197 Pac. 167.

In this case the petition in error prays that the judgment of the trial court rendered be reversed, set aside, and held for naught and that judgment be rendered in favor of the plaintiff in error, and we find, upon examination of the authorities cited by plaintiff in error, they reasonably support the contention of the plaintiff, and we therefore reverse the judgment of the lower court and direct it to vacate its former judgment and enter judgment in favor of the plaintiff in error as prayed for in plaintiff's petition filed in the trial court.

Note.—See 3 C. J. p. 1447, §1607. .