## BESHARA v. HERMAN et al.

No. 18780. Opinion Filed March 20, 1928.

(Syllabus.)

**Appeal and Error—Reversal—Failure to File Answer Brief.**

The syllabus in the case of the City National Bank v. Coatney, 122 Okla. 233, 253 Pac. 481, is hereby adopted as the syllabus in this case.

Error from District Court, Creek County; Thomas S. Harris, Judge.

Action by Sam Beshara against W. H.

Herman et al. Judgment for defendant, and plaintiff brings error. Reversed and remanded.

Cheatham & Beaver, for plaintiff in error.

Lloyd L. Smith, for defendants in error.

PER CURIAM. This is an appeal from the judgment of the district court of Creek county, wherein the plaintiff in error was plaintiff below.

The plaintiff in error in due time served and filed his brief in full compliance with the rules of this court, but the defendants in error have wholly failed to file any brief, pleading, or to otherwise appear in this court in this cause on appeal, nor have they offered any excuse for their failure to do so.

"Where plaintiff in error has served and filed its brief in compliance with the rules of this court, and the defendant in error has neither filed a brief nor offered any excuse for his failure to do so, this court is not required to search the record to find some theory upon which the judgment of the trial court may be sustained, but may, where the authorities cited in the brief filed, appear reasonably to sustain the assignments of error, reverse the cause, with directions, in accordance with the prayer of the petition in error." City National Bank v. Coatney, 122 Okla. 233, 253 Pac. 481; Chicago, R. I. & P. Ry. Co. v. Weaver, 67 Okla. 293, 171 Pac. 34; Lawton National Bank v. Ulrich, 81 Okla. 159, 197 Pac. 167.

In this case the petition in error prays that the judgment be reversed and that said cause be remanded to the district court of Creek county, with directions to overrule the demurrer, to reinstate plaintiff's petition, and we find, upon examination of the authorities cited by plaintiff in error, they reasonably support his contention, and we therefore reverse the judgment of the lower court and direct that it vacate its former judgment and overrule the demurrer to plaintiff's petition and to reinstate the same.

Note.—See 3 C. J. p. 1447, §1607.