## KIMBERLY v. CISSNA.

No. 18801. Opinion Filed March 20, 1928.

(Syllabus.)

### Appeal and Error—Reversal—Failure to File Answer Brief.

The syllabus in the case of the City National Bank v. Coatney, 122 Okla. 233, 253 Pac. 481, is hereby adopted as the syllabus in this case.

Error from Superior Court, Pottawatomie County; Leander G. Pitman, Judge.

Action by Hattie E. Kimberly against George W. Cissna. Judgment for defendant, and plaintiff brings error. Reversed and remanded.

Clarence Robison, for plaintiff in error.

Floyd Wheeler, for defendant in error.

PER CURIAM. This is an appeal from the judgment of the superior court of Pottawatomie county, wherein plaintiff in error was plaintiff below.

Plaintiff in error in due time served and filed her brief in full compliance with the rules of this court, but the defendant in error has wholly failed to file any brief, pleading, or to otherwise appear in this court on the merits of the cause, nor has he offered any excuse for his failure to do so.

"Where plaintiff in error has served and filed its brief in compliance with the rules of this court, and the defendant in error has neither filed a brief nor offered any excuse for his failure to do so, this court is not required to search the record to find some theory upon which the judgment of the trial court may be sustained, but may, where the authorities cited in the brief filed, appear reasonably to sustain the assignments of error, reverse the cause, with directions, in accordance with the prayer of the petition in error." City National Bank v. Coatney, 122 Okla. 233, 253 Pac. 481; Chicago, R. I. & P. Ry. Co. v. Weaver, 67 Okla. 293, 171 Pac. 34; Lawton National Bank v. Ulrich, 81 Okla. 159, 197 Pac. 167.

In this case the petition in error prays that the order and judgment of the trial court be reversed, set aside and held for naught, and that plaintiff be restored to all rights lost by the rendition of said judgment, and we find, upon examination of the authorities cited by plaintiff in error, they reasonably support the contention of the plaintiff, and we therefore reverse the judgment of the lower court and direct it to vacate its former judgment and enter an order overruling the demurrer of the defendant to the petition of the plaintiff.

Note.—See 3 C. J. p. 1447, §1607.