'newspaper of the county having general circulation therein,' within the contemplation of Wilson's Rev. & Ann. St. Okla. 1903, sec. 4006, and that the certificate required to be published by Wilson's Rev. & Ann. St. Okla. 1903, sec. 3901, was properly published therein."

The above decided case has been the law of this state since July 11, 1911, and the attorneys of this state, relying upon the force and effect of said opinion, have caused legal service and notices to appear in journals and publications issued in a similar manner as that under consideration in the above cited case. We think it would be little less than calamitous to reverse the holding of this court upon the point there involved, and when there is no apparent reason or justification for such action.

Judgment is affirmed.

BRANSON, C. J., MASON, V. C. J., and HUNT, CLARK, RILEY, and HEFNER, JJ.. concur.

Note.—See 29 Cyc. p. 697.

rules of this court, and the defendant in error has neither filed a brief nor offered any excuse for his failure to do so, this court is not required to search the record to find some theory upon which the judgment of the trial court may be sustained, but may, where the authorities cited in the brief filed, appear reasonably to sustain the assignments of error, reverse the cause, with directions, in accordance with the prayer of the petition in error." City National Bank v. Coatney, 122 Okla. 233, 253 Pac. 481; Chicago, R. I. & P. Ry. Co. v. Weaver, 67 Okla. 293, 171 Pac. 34; Lawton National Bank v. Ulrich, 81 Okla. 159, 197 Pac. 167.

In this case the plaintiff in error prays that the judgment of the trial court be reversed and vacated and that judgment be entered herein for the plaintiff in error, and we find, upon examination of the authorities cited by plaintiff in error, they reasonably support the contention of the plaintiff; we therefore reverse the judgment of the lower court and direct it to vacate its former judgment and enter judgment in favor of the plaintiff in error.

Note.—See 3 C. J. p. 1447, §1607.

---

## JOHNSON v. WHITNEY et al.

No. 18120.   Opinion Filed May 8, 1928.

(Syllabus.)

**Appeal and Error—Reversal—Failure to File Answer Brief.**

The syllabus in the case of City National Bank v. Coatney et al., 122 Okla. 233, 253 Pac. 481, is hereby adopted as the syllabus in this cause.

Error from District Court, Seminole County; George C. Crump, Judge.

Action by Thomas Johnson against E. W. Whitney et al. From the judgment, plaintiff appeals. Reversed and remanded.

Anglin & Stevenson and Blakeney & Ambrister, for plaintiff in error.

PER CURIAM. This is an appeal from the judgment of the district court of Seminole county, wherein the plaintiff in error was plaintiff.

Plaintiff in error in due time served and filed his brief in full compliance with the rules of this court, but the defendants in error have wholly failed to file any brief, pleading, or to otherwise appear in this court on appeal, nor have they offered any excuse for their failure to do so.

"Where the plaintiff in error has served and filed its brief in compliance with the

---

## BYNUM v. COOLEY et al.

No. 18108.   Opinion Filed May 8, 1928.

(Syllabus.)

**Appeal and Error—Review—Burden on Appellant to Show Judgment Against Clear Weight of Evidence.**

Upon appeal in an action in equity, the burden is upon the appellant to establish that the findings and judgment of the trial court are against the clear weight of the evidence. Unless it so appears, the judgment on appeal will be affirmed.

Error from District Court, Atoka County; J. H. Linebaugh, Judge.

Action by Effie Bynum against D. L. Cooley and Ada Reynolds. Judgment for defendant Reynolds, and plaintiff brings error. Affirmed.

I. L. Cook, H. H. Cook, J. B. Allen, and Reuben M. Roddie, for plaintiff in error.

Loyal J. Miller, for defendants in error.

RILEY, J.   This appeal is brought by plaintiff below. She seeks reformation of a deed, to have same considered a mortgage and that the mortgage be foreclosed.

We adopt the findings of fact and conclusions of law made and entered by the trial court as follows: