## EL RENO MILL & ELEVATOR CO. v. TREADWELL.

No. 18344.   Opinion Filed June 19, 1928.

(Syllabus.)

### Appeal and Error—Reversal—Failure to File Answer Brief.

The syllabus in the case of City National Bank v. Coatney, 122 Okla. 233, 253 Pac. 481, is hereby adopted as the syllabus in this case.

Error from District Court, Tillman County; Frank Mathews, Judge.

Action by the El Reno Mill & Elevator Company against J. W. Treadwell. From the judgment, the plaintiff appeals. Reversed and remanded, with directions.

M. D. Libby, for plaintiff in error.

W. M. Howenstein, for defendant in error.

PER CURIAM.  This is an appeal from the district court of Tillman county in an action wherein the plaintiff in error was the plaintiff below.

Plaintiff in error in due time served and filed its brief in compliance with the rules of this court, but the defendant in error has wholly failed to file any brief, pleading, or to otherwise appear in this cause on appeal upon the merits of the case, nor has he offered any excuse for his failure to do so.

"Where plaintiff in error has served and filed its brief in compliance with the rules of this court, and the defendant in error has neither filed a brief nor offered any excuse for his failure to do so, this court is not required to search the record to find some theory upon which the judgment of the trial court may be sustained, but may, where the authorities cited in the brief filed, appear reasonably to sustain the assignments of error, reverse the cause, with directions, in accordance with the prayer of the petition in error."  City National Bank v. Coatney, 122 Okla. 233, 253 Pac. 481; Chicago, R. I. & P. Ry. Co. v. Weaver, 67 Okla. 293, 171 Pac. 34; Lawton National Bank v. Ulrich, 81 Okla. 159, 197 Pac. 167.

In this case the petition in error prays that the judgment be reversed, set aside and held for naught, and that the order of the trial court overruling the plaintiff's motion for new trial be set aside and a new trial granted, and we find, upon examination of authorities cited by plaintiff in error, they reasonably support the contention of the plaintiff, and we therefore reverse the judgment of the lower court and direct it to vacate its former judgment and grant the plaintiff in error a new trial.