RESERVE LOAN LIFE INS. CO. v. ABBOTT et al.

No. 21333. Opinion Filed Jan. 19, 1932.

C. C. Hatchett, for plaintiff in error.

J. R. Hannah and C. P. Abbott, for defendants in error.

PER CURIAM. This is an appeal from an order of the district court of Bryan county, Okla., wherein the trial court, after confirmation of sheriff's sale of real estate made upon an order of sale issued on a personal judgment and decree of foreclosure, entered a purported order canceling a deficiency judgment, and to which order the plaintiff in error excepted at the time. The plaintiff in error was plaintiff below, and in due time perfected an appeal to this court by filing petition in error and case-made on May 14, 1930. Plaintiff in error served and filed its brief in full compliance with the rules of this court, but the defendant in error has wholly failed to file any brief or otherwise appear in this court.. In the case of City National Bank v. Coatney, 122 Okla. 233, 253 P. 481, this court laid down the following rule:

"Where plaintiff in error has served and filed its brief in compliance with the rules of this court, and the defendant in error has neither filed a brief nor offered any excuse for his failure to do so, this court is not required to search the record to find some theory upon which the judgment of the trial court may be sustained, but may, where the authorities cited in the brief filed, appear reasonably to sustain the assignments of error, reverse the cause, with directions, in accordance with the prayer of the petition in error." City National Bank v. Coatney, 122 Okla. 233, 253 P. 481; Lawton National Bank v. Ulrich, 81 Okla. 159, 197 P. 16. See, also, American National Bank of Ardmore v. Hunnicutt, 127 Okla. 256, 260 P. 755,

In this case the petition in error prays that the judgment of the district court of Bryan county, Okla., directing the cancellation and satisfaction of the judgment of plaintiff in error, be reversed and set aside and that plaintiff in error have judgment for costs, and we find upon examination of the authorities cited by plaintiff in error they reasonably support the contention of the plaintiff, and we therefore reverse the judgment and direct the lower court to vacate said order canceling the deficiency judgment and enter an order taxing the costs against the defendants in error.